DAVID P. MASTAGNI, ESQ. (SBN 57721)
dmastagni@mastagni.com
GRANT A. WINTER (SBN 266329)
gwinter@mastagni.com
**MASTAGNI HOLSTEDT**
*A Professional Corporation*
1912 I Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
Attorneys for Plaintiffs Vallejo Police Officers'
Association and Michael Nichelini

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE VALLEJO POLICE OFFICERS' ASSOCIATION, a labor union; MICHAEL NICHELINI, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; THE VALLEJO POLICE DEPARTMENT, a municipal corporation; SHAWNY WILLIAMS, individually and in his official capacity as Chief of Police for the City of Vallejo; GREG NYHOFF, individually and in his official capacity as City Manager for the City of Vallejo; ANNE CARDWELL, individually and in her official capacity as Assistant City Manager for the City of Vallejo; BOB SAMPAYAN, individually and in his official capacity as Mayor for the City of Vallejo; HERMIE SUNGA, individually and in his official capacity as Vice Mayor for the City of Vallejo; CRISTINA ARRIOLA, individually and in her official capacity as City Councilmember for the City of Vallejo; HAKEEM BROWN, individually and in his official capacity as City Councilmember for the City of Vallejo; PIPPIN DEW, individually in her official capacity as City Councilmember for the City of Vallejo; MINA DIAZ, individually and in her official capacity as City Councilmember for the City of Vallejo; ROBERT McCONNELL, individually and in | Case No. 2:21-cv-00454-KJM-CKD<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. **FREE SPEECH VIOLATIONS**<br>2. **FREE ASSOCIATION VIOLATIONS**<br>3. **PROCEDURAL DUE PROCESS VIOLATIONS**<br>4. **SUBSTANTIVE DUE PROCESS VIOLATIONS**<br>5. **EQUAL PROTECTION VIOLATIONS**<br>6. **FIRST AND FOURTEENTH AMENDMENT RETALIATION**<br>7. **FEDERAL PRIVACY RIGHTS VIOLATIONS**<br>8. **STATE PRIVACY RIGHTS VIOLATIONS**<br>9. **DEFAMATION**<br>10. **INTERFERENCE WITH UNION ACTIVITIES**<br>11. **DISCRIMINATION**<br>12. **RETALIATION**<br>13. **INTERFERENCE WITH POLITICAL AFFILIATIONS**<br>14. **WHISTLEBLOWER RETALIATION**<br>15. **NEGLIGENCE**<br>16. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS** |

Second Amended Complaint for Damages and
Demand for Jury Trial

1

*Vallejo POA, et al. vs. City of Vallejo, et al.*
Case No. 2:21-cv-00454-KJM-CKD

his official capacity as City Councilmember and Mayor for the City of Vallejo; KATY MIESSNER, individually and in her official capacity as City Councilmember for the City of Vallejo; ROZZANA VERDER-ALIGA, individually and in her official capacity as City Councilmember and Vice Mayor for the City of Vallejo; and DOES 1 through 100, inclusive,

Defendants.

**17. NEGLIGENT SUPERVISION**
**18. INTENTIONAL INFLICTION OF**
   **EMOTIONAL DISTRESS**
**19. WRONGFUL DISCHARGE FOR**
   **LAWFUL OFF-DUTY CONDUCT**
**20. WRONGFUL TERMINATION**

**JURY TRIAL DEMANDED**

## JURISDICTION AND VENUE

1.     This action arises out of Title 42 of the United States Code § 1983.  *See* 28 U.S.C. § 1331.  The unlawful acts and practices alleged herein occurred in the City of Vallejo, County of Solano, California, which is within this federal judicial district.  Pendent jurisdiction is proper because all claims in this action derive from a common nucleus of operative facts.  (*See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* 28 U.S.C.A. § 1367.)  Title 28 of the United States Code § 1391(b)(1) confers venue upon this Court.

## INTRODUCTION

2.     This federal civil rights and state law action arises out of a campaign of harassment, intimidation, and retaliation against the Vallejo Police Officers' Association ("VPOA"), its members, and its current President, Vallejo Police Department ("VPD") Lieutenant Michael Nichelini, by the VPD and all defendants, including the City of Vallejo ("City"), culminating in multiple baseless internal affairs investigations into the VPOA's protected union-related activities and the City's continued threats and actions to terminate Lieutenant Nichelini's employment.

3.     The City and the VPD have been embroiled in public controversy for over a decade regarding the conduct of the VPD and the City's ratification of that conduct.  In early 2019, tensions in the City of Vallejo boiled over after the controversial shooting death by the VPD of Willie McCoy, an African-American Vallejo resident, resulting in the eventual replacement of the Police Chief and election of Lieutenant Nichelini as the new VPOA President.

4.     Shortly after becoming VPOA President, Mr. Nichelini became the subject of harassment and intimidation efforts by VPD Police Chief, Defendant Shawny Williams ("Williams"), ratified by the City Defendants, in order to alleviate mounting political pressure by

placing that pressure on the VPOA and its President.  Between January 2020 and December 2020, President Nichelini was subjected to at least five instances of harassment, each intended to interfere with the VPOA's concerted rights.  On July 15, 2020, Williams placed Mr. Nichelini on administrative leave and barred him from the workplace.  Williams's actions effectively prevented Nichelini from meeting with and representing VPOA members.

5.     On December 15, 2020, Williams had VPD Deputy Chief Michael Kihmm notify President Nichelini that he was the subject of an internal affairs investigation regarding VPOA correspondence with a member of the news media.  President Nichelini was notified through a document titled "Witness Notice" regarding a "Notice of Administrative Investigation Interview, IA2020-20."

6.     The December 15, 2020 Notice warned President Nichelini that the investigation "could potentially lead to discipline."  The Notice further falsely accused President Nichelini of "sending an inappropriate and potentially threatening email to a member of the media."

7.     On December 18, 2020, President Nichelini was illegally subjected to an interrogation pursuant to the December 15, 2020 Notice, despite Williams, City, and the VPD being on notice that their conduct violated the constitutional rights of President Nichelini and the VPOA.

8.     Following the December 18, 2020 illegal interrogation of President Nichelini, City and the VPD issued a personnel report regarding IA2020-20 that was internally inconsistent, contained demonstrably false facts about President Nichelini, and featured findings entirely divorced from the evidence the report relied on to make the findings.

9.     On December 21, 2020, President Nichelini received Notice that the City of Vallejo intended to terminate his employment with the VPD.

10.     On March 31, 2021, President Nichelini received Notice that the City of Vallejo had terminated his employment with the VPD.

11.     The Notice, subsequent illegal interrogation, and proposal to terminate President Nichelini's employment is a continuation of a series of actions, undertaken by Defendant Williams and ratified by the City Defendants, and each of them, to harass, intimidate, coerce, threaten, and

1  retaliate against the VPOA, its members, and VPOA President Nichelini in particular, for engaging
2  in concerted activities protected by state and federal law.

3       12.    As a result of Defendants' illegal conduct, and each of them, the VPOA and
4  President Nichelini now bring this present action for violations of state and federal law.

5                        **PARTIES**

6       13.    Plaintiff, Michael Nichelini, sues in his individual capacity and in his official
7  capacity as President of the VPOA.

8       14.    Plaintiff, the Vallejo Police Officers' Association, is the exclusively recognized
9  collective bargaining agent for Vallejo Police Department Officers of all ranks, except the Chief of
10  Police and the newly created position of Deputy Chief of Police.  Every member of the VPOA's
11  Board of Directors is an employee of the City of Vallejo.  Plaintiff VPOA is an "employee
12  organization" within the meaning of Cal. Gov. Code § 3501(c).  The VPOA's members are "peace
13  officers", as defined by Cal. Penal Code § 830.1.  They are also employees of the City of Vallejo,
14  which is a public entity within the meaning of Cal. Gov. Code § 3501(c).  The VPOA's primary
15  purpose includes representing its members in their relations with the City of Vallejo and advocating
16  for their interests.  Plaintiff VPOA brings this action on behalf of itself and its members.

17       15.    Defendant CITY OF VALLEJO is a municipal corporation duly organized and
18  existing under the laws of the State of California.  Defendant VALLEJO POLICE DEPARTMENT
19  all times mentioned herein was and is an organizational unit of the municipal entity City of Vallejo,
20  operating under the supervision of the City of Vallejo and its decision makers.

21       16.    Defendant SHAWNY WILLIAMS is, and at all times mentioned herein was, the
22  Chief of Police for the City of Vallejo and is sued in his official and individual capacities.  He is a
23  final decision maker for VPD because he makes official and independent determinations about
24  discipline, training, supervision, and other personnel matters for the department.

25       17.    Defendant GREG NYHOFF was, at all times mentioned herein, the City Manager
26  for the City of Vallejo and is sued both individually and in his official capacity.  The City manager
27  is directly responsible for supervision of the VPD and the Chief of Police.  He is a final decision
28  maker for the VPD and the City because he makes official, independent, and collective

1  determinations about VPD and City policies, including determinations about discipline, training,

2  supervision, and other personnel matters for the City.

3      18.    Defendant ANNE CARDWELL was, at all times mentioned herein, the Assistant

4  City Manager for the City of Vallejo and is sued both individually and in her official capacity.  The

5  Assistant City manager shares responsibility for supervision of the VPD and the Chief of Police

6  with the City Manager.  She is a final decision maker for the VPD because she makes official and

7  independent determinations about discipline, training, supervision, and other personnel matters for

8  the department when such authority is delegated to her by the City Manager.

9      19.    Defendant BOB SAMPAYAN was the Mayor for the City of Vallejo and is sued

10  both individually and in his official capacity.  The Mayor in his role as a member and presiding

11  officer of the City Council is responsible for supervision of the City Manager, the Assistant City

12  Manager, the VPD, and the Chief of Police.  He was a final decision maker for the VPD because

13  the City Council makes official, independent, and collective determinations about City policies,

14  including determinations about discipline, training, supervision, and other personnel matters for the

15  City.

16      20.    Defendant HERMIE SUNGA was the Vice Mayor for the City of Vallejo and is a

17  member of the City Council.  He is sued both individually and in his official capacity.  As Vice

18  Mayor and member of the City Council, Mr. SUNGA was directly responsible for supervision of

19  the City Manager, the Assistant City Manager, the VPD, and the Chief of Police.  He was a final

20  decision maker for the VPD because the City Council makes official, independent, and collective

21  determinations about City policies, including determinations about discipline, training, supervision,

22  and other personnel matters for the City.

23      21.    Defendant ROBERT McCONNELL was a Councilmember and is now the Mayor

24  of the City of Vallejo.  He is sued both individually and in his official capacity.  The Mayor in his

25  role as a member and presiding officer of the City Council is responsible for supervision of the City

26  Manager, the Assistant City Manager, the VPD, and the Chief of Police.  He is a final decision

27  maker for the VPD because the City Council makes official, independent, and collective

28  determinations about discipline, training, supervision, and other personnel matters for the City.

22.     Defendant ROZZANA VERDER-ALIGA was a Councilmember and is now the Vice Mayor.  She is sued both individually and in her official capacity.  As Councilmember and Vice Mayor, Ms. VERDER-ALIGA is directly responsible for supervision of the City Manager, the Assistant City Manager, the VPD, and the Chief of Police.  She is a final decision maker for the VPD because the City Council makes official, independent, and collective determinations about discipline, training, supervision, and other personnel matters for the City.

23.     Defendant CRISTINA ARRIOLA is a Councilmember for the City of Vallejo and is sued both individually and in her official capacity.  She is a final decision maker for the City because the City Council makes official, independent, and collective determinations about discipline, training, supervision, and other personnel matters for the City.

24.     Defendant HAKEEM BROWN was, at all times mentioned herein, a Councilmember for the City of Vallejo and is sued both individually and in his official capacity.  He is a final decision maker for the City because the City Council makes official, independent, and collective determinations about discipline, training, supervision, and other personnel matters for the City.

25.     Defendant PIPPIN DEW was, at all times mentioned herein, a Councilmember for the City of Vallejo and is sued both individually and in her official capacity.  She is a final decision maker for the City because the City Council makes official, independent, and collective determinations about discipline, training, supervision, and other personnel matters for the City.

26.     Defendant MINA DIAZ is a Councilmember for the City of Vallejo and is sued both individually and in her official capacity.  She is a final decision maker for the City because the City Council makes official, independent, and collective determinations about discipline, training, supervision, and other personnel matters for the City.

27.     Defendant KATY MEISSNER was, at all times mentioned herein, a Councilmember for the City of Vallejo and is sued both individually and in her official capacity.  She is a final decision maker for the City because the City Council makes official, independent, and collective determinations about discipline, training, supervision, and other personnel matters for the City.

28.     Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

29.     Plaintiffs are informed and believe and therefore allege that each of the DOE defendants is legally responsible and liable for the incidents, injuries, and damages hereinafter set forth.  Each defendant proximately caused injuries and damages because of their actions, omissions, negligence, breach of duty, negligent supervision, management, or control and in violation of law and of public policy.  Each defendant is liable for his/her personal conduct, vicarious and/or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, control or upon any other act or omission, including policy or custom.  Plaintiffs may seek leave to amend this complaint.

30.     In committing the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment, appointment and/or elected responsibilities for the City of Vallejo for the City of Vallejo.

31.     In committing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or color of law.

32.     Due to the acts/omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee, and/or in concert with each other Defendant herein named.

33.     Plaintiffs timely filed a Public Entity Tort Claim on January 14, 2021.  The City of Vallejo failed to respond to Plaintiffs' claims, which were rejected by operation of law on March 1, 2021.

## **STATEMENT OF FACTS**

34.     Plaintiff, VPOA President Michael Nichelini, is a decorated veteran officer who served the Oakland Police Department for ten (10) years, followed by serving the VPD for fourteen (14) years.  Prior to becoming the President of the VPOA, Mr. Nichelini served the VPOA for eight years as Treasurer and Vice President.

35.     Defendants CITY OF VALLEJO, VALLEJO POLICE DEPARTMENT, GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY

WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA ("City Defendants"), and each of them, are and were, policymakers for the VPD and the City of Vallejo.

36.     City Defendants have not maintained a healthy relationship between the VPD and the citizenry of Vallejo, and the City of Vallejo has been the subject of national controversy regarding the policies of City and the VPD. The City and the VPD have been embroiled in public controversy for over a decade regarding the conduct of the VPD and the City's ratification of that conduct.

37.     In early 2019, tensions in the City of Vallejo boiled over after the controversial shooting death by the VPD of Willie McCoy, resulting in the citizenry of Vallejo demanding meaningful responses from City Defendants regarding the conduct of VPD. Citizens called for the resignation and replacement of multiple City Defendants, including Defendants SAMPAYAN and NYHOFF.

38.     In September 2019, Defendant WILLIAMS was appointed Chief of Police for the City of Vallejo. Defendant WILLIAMS and the Deputy Police Chief(s) are the only VPD officers not represented by the VPOA. WILLIAMS began his tenure as Chief of Police of the City of Vallejo during a period of extreme tension between the citizens of Vallejo, the VPD, and City Defendants.

39.     City Defendants, and each of them, both before and after the members of the City Council were changed following the 2020 election, as a matter of official policy for the City of Vallejo, promulgated, adopted, and ratified a plan to insulate Defendant WILLIAMS from legal and public scrutiny by endorsing Defendant WILLIAMS's actions as those of City Defendants, and each of them, including all actions related to personnel discipline, including discipline related to Mr. Nichelini and other members of the VPOA.

40.     City Defendants, and each of them, both before and after the members of the City Council were changed following the 2020 election, as a matter of official policy for the City of Vallejo, promulgated, adopted, and ratified a plan to "reform" the VPD by purposefully construing the City's mismanagement of public relations between the VPD and the citizens of the City of

1  Vallejo as the fault of rank-and-file VPOA members, including Mr. Nichelini, to avoid the City

2  Defendants', and each of them, culpability for said mismanagement.

3        41.    City Defendants, and each of them, both before and after the members of the City

4  Council were changed following the 2020 election, as a matter of official policy for the City of

5  Vallejo, promulgated, adopted, and ratified a plan to subject both former VPOA President Mat

6  Mustard, and current VPOA President Michael Nichelini, to spurious allegations which would

7  result in internal discipline, for the express purpose of dismantling the leadership of the VPOA so

8  City Defendants, and each of them, could facilitate Defendant WILLIAMS's installation of his

9  preferred candidates as members of the VPOA board, purposefully interfering with the union's

10 concerted activities and internal structure.

11        42.    City Defendants, and each of them, both before and after the members of the City

12 Council were changed following the 2020 election, as a matter of official policy for the City of

13 Vallejo, promulgated, adopted, and ratified a plan to terminate Mr. Nichelini for the express

14 purpose of removing Mr. Nichelini from his role as President of the VPOA by construing members

15 of the VPOA, and Mr. Nichelini in particular, as "racist".

16        43.    City Defendants, and each of them, both before and after the members of the City

17 Council were changed following the 2020 election, as a matter of official policy for the City of

18 Vallejo, promulgated, adopted, and ratified a plan to dismantle the leadership of the VPOA by

19 construing any resistance to City Defendants', and each of them, and Defendant WILLIAMS's in

20 particular, reform plans as "racist", despite the obvious reality that the VPOA's interests are

21 necessarily often at odds with the interests of City Defendants' and each of them, as the employers

22 of the members of the VPOA, including Mr. Nichelini.

23        44.    In December 2019, while Mr. Nichelini was Vice President of the VPOA, the VPOA

24 demanded that City Defendants meet-and-confer regarding the VPD's body-worn camera policy.

25 On January 1, 2020, Mr. Nichelini became the VPOA President, inheriting both the meet-and-

26 confer process between City and the VPOA, and the extreme tension between the citizens of

27 Vallejo, the VPD, and City Defendants.

28

45.     On March 4, 2020, President Nichelini, in his capacity as VPOA President, sent an email regarding matters of public concern to other VPOA members.  The email discussed matters of important VPOA business, including dealings with the public and the ongoing political relations between VPOA members and the City Defendants.  The email contained a small image of one of VPD's earliest historic badges.  The badge once belonged to local hero George N. Frazier, veteran of the Spanish-American War and World War I, who served as both a VPD officer and a detective for the Solano County Sheriff's Office in the early 1900s.

46.     President Nichelini sent the email from his personal computer, using an application he wanted to encourage VPOA members to use for communication amongst themselves.  Since the image of the badge was tiny, President Nichelini did not notice Mr. Frazier's badge bore a small engraving of a Gammadion cross, a Native American symbol for peace and prosperity.  When Mr. Frazier, a Native American, placed the engraving on the badge, circa 1907, the image bore no negative connotations.

47.     On March 8, and March 17, 2020, President Nichelini discussed the badge engraving with VPD officials.  During the March 17, 2020 discussion, Defendant WILLIAMS stated he understood and accepted President Nichelini's reasonable explanation for the badge image and agreed it was not a political statement and did not reference any particular group.  The public was unaware of the badge image and had no interest in the image until months later when the matter was publicized by the Chief of Police and the City Manager, who falsely accused President Nichelini of a hate crime.

48.     On May 28, 2020, President Nichelini filed a grievance on behalf of the VPOA against VPD regarding City Defendants' efforts to civilianize Public Information Officer ("PIO") and officer recruitment positions.  On June 24, President Nichelini filed a complaint with the California Public Employment Relations Board ("PERB") on behalf of the VPOA against VPD regarding City Defendants' efforts to civilianize the PIO and officer recruitment positions.

49.     On July 1, 2020, Defendant WILLIAMS denied the VPOA's Step 1 Grievance concerning the City's unilateral civilianizing and contracting out of union work.  Defendant

1   WILLIAMS failed to respond to the substantive contractual and statutory allegations set forth in

2   the VPOA's Step 1 Grievance.

3       50.     On July 15, 2020, Defendant WILLIAMS placed President Nichelini on

4   administrative leave for allegedly destroying a windshield, a piece of evidence in a high-profile

5   officer-involved shooting that took place on June 2, 2020.  Although Defendant WILLIAMS knew

6   President Nichelini had no knowledge of, or involvement in the destruction of the windshield,

7   WILLIAMS nonetheless falsely accused President Nichelini of destroying evidence.  This action

8   barred Nichelini from the workplace purposefully and effectively preventing him from contacting

9   and representing VPOA members.

10      51.     Defendant WILLIAMS retaliated against President Nichelini by falsely accusing

11  him of destroying the windshield after President Nichelini filed grievances on behalf of the VPOA.

12  Among other things, the timing of the false accusations against President Nichelini by WILLIAMS

13  evinces retaliatory intent.  City Defendants subsequently leaked the false information regarding

14  President Nichelini's alleged involvement in the destruction of the windshield to the press.  City

15  Defendants also made public the March 4, 2020 badge email in order to further damage President

16  Nichelini's reputation.  (*See* Paragraph 41, above).

17      52.     On July 31, 2020, President Nichelini filed another complaint with PERB on behalf

18  of the VPOA against VPD, regarding City Defendants' efforts to interfere with the VPOA's

19  protected, concerted activities by retaliating against President Nichelini.  City Defendants were thus

20  noticed of their constitutionally and legally infirm conduct no later than July 31, 2020.

21      53.     Nevertheless, on August 6, 2020, President Nichelini was subjected to an interview

22  by the California Department of Justice ("DOJ") in a criminal probe into the destruction of the

23  windshield.  At the time the DOJ interviewed President Nichelini regarding the windshield,

24  Defendant WILLIAMS knew that President Nichelini had no knowledge of, and was not involved

25  in the destruction of evidence.  President Nichelini, based on information and belief, understands

26  the evidence has completely vindicated him from all destruction allegations, but the Chief of Police

27  is concealing that information from the public and the City.

28

54.     On August 21, 2020, City Defendants responded to the VPOA's grievance regarding PIO and recruiting positions, denying the grievance at Step Two.  On August 25, 2020, President Nichelini filed a Step 3 grievance on behalf of the VPOA against City Defendants regarding the PIO and recruiting positions.

55.     On August 28, 2020, President Nichelini received another Notice of Interview regarding a City Council meeting recording that occurred almost a year earlier. The Notice also alleged dishonesty in a previous internal affairs investigation.  The VPD also gave President Nichelini another Notice of Interview on August 28, 2020 regarding disparaging comments he allegedly made to a human resources officer about Defendant WILLIAMS.  Among other things, the timing of the disciplinary notices sent to President Nichelini evinces retaliatory intent.

56.     On September 3, 2020, despite City Defendants being on notice that their conduct towards President Nichelini and the VPOA was constitutionally and legally infirm, City Defendants nonetheless subjected President Nichelini to an administrative interrogation regarding the windshield evidence, the badge image, and a press release President Nichelini sent in the performance of his duties for the VPD.

57.     On September 4, 2020, President Nichelini filed a grievance on behalf of himself and the VPOA against City Defendants for discrimination against VPOA members for their engaging in protected, concerted activities.

58.     On September 23, 2020, President Nichelini received a Notice of Intent to Discipline for a September 24, 2019 incident at a City Council meeting in which President Nichelini, while responsible for security at the meeting, used his cell phone to record portions of the meeting he was concerned would not be captured by his body-worn camera.  Among other things, the timing of the disciplinary notice sent to President Nichelini evinces retaliatory intent.

59.     In addition to disciplining President Nichelini under the pretext of a 364-day old incident, Defendants WILLIAMS also informed local civil rights attorney Melissa Nold, a citizen who complained to City Defendants about President Nichelini, that President Nichelini had been disciplined.  WILLIAMS's disclosure of President Nichelini's personnel information was unlawful and unethical.

60.     On October 15, 2020, the VPOA filed a Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief challenging the City of Vallejo's October 6, 2020 declaration of emergency because the City used the declaration to interfere with VPOA members' rights.  A First Amended Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief was filed on or about December 15, 2021.

61.     On October 21, the VPOA filed suit against the City of Vallejo regarding the City's October 6, 2020 declaration of emergency because the City used the declaration to interfere with VPOA members' rights.

62.     On December 7, 2020, President Nichelini, in his capacity as VPOA President, responded to an email from a local newspaper reporter who was relocating to Georgia, and expressed concerns about the fairness of the individual's reporting on VPOA members and the VPD.  Despite acknowledging that the communications were protected VPOA communications, City Defendants nonetheless sent President Nichelini a December 15, 2020 Notice of Administrative Investigation into the December 7, 2020 protected, concerted email.  Among other things, the timing of the notice evinces retaliatory intent.

63.     On December 16, Plaintiffs' attorneys mailed City Defendants a Cease-and-Desist Letter.  On December 18, 2020, City Defendants, despite unequivocally being noticed their conduct towards President Nichelini and the VPOA was constitutionally and legally infirm, nonetheless subjected President Nichelini to an interrogation regarding the December 7, 2020 email.

64.     On December 21, 2020, City Defendants sent a Notice of Intent to Terminate President Nichelini from his employment at VPD, despite City Defendants unequivocally being on notice that their conduct towards President Nichelini and the VPOA was constitutionally and legally infirm.  The Termination Notice contained multiple glaring factual inaccuracies and misrepresentations, in addition to outrageous accusations against President Nichelini that inappropriately seek to damage his reputation and impugn his character.

65.     In late December 2020, City Defendants and the VPOA met and conferred regarding City's proposed "Patrol Staffing Deployment & Mandatory Overtime List."  However, City Defendants did not meet and confer in good faith, in violation of the Meyers-Milias-Brown Act

("MMBA") (Cal Gov. Code § 3500, *et seq.*)  Moreover, at that meeting, Defendant WILLIAMS illegally threatened retaliation against VPOA members for union activities, unlawfully interfering with the VPOA and its members' protected, concerted conduct.

66.     In January 2021, City Defendants, and each of them, notified President Nichelini that City Defendants, and each of them, had illegally placed President Nichelini on administrative leave as a result of President Nichelini's protected conduct, which President Nichelini undertook on behalf of all VPOA members, including himself, despite City Defendants, and each of them, being on notice that such adverse employment actions violated state and federal law.

67.     Moreover, as noted above, City Defendants, and each of them, improperly barred President Nichelini from the workplace to prevent him from contacting and representing VPOA members and the protected, concerted activities of VPOA members, in violation of multiple state laws and the First Amendment.  As further evidence of animus toward and intent to interfere with Nichelini's union-related duties and responsibilities, on January 5, 2021, Defendant WILLIAMS ordered a VPOA member facing misconduct allegations to seek the Police Chief's approval prior to contacting non-attorney VPOA officials.

68.     Further, in January 2021, City Defendants, and each of them, mailed notices to VPOA members that contained illegal gag orders, or "confidentiality directives", to VPOA members under administrative investigation by City Defendants.  According to California law, such directives violate the MMBA and interfere with VPOA members' protected rights, constituting interference by City Defendants, and each of them, with the VPOA's union activities.

69.     On March 31, 2021, Defendants, and each of them, through Defendant WILLIAMS, delivered a Notice of 40 hours of unpaid suspension for the September 24, 2019 City Council meeting incident.  (*See* Paragraphs 52-53, above).  Further, the March 31, 2021 Notice informed President Nichelini that he has been terminated from employment at the VPD for engaging in concerted activities.  The termination of President Nichelini's employment, less than three weeks after President Nichelini filed a federal civil rights complaint against Defendants, is flagrantly retaliatory and intended to silence and disable the VPOA.  Accordingly, the termination of President Nichelini's employment violates both the Federal and State Constitutions and California State law.

Second Amended Complaint for Damages and
Demand for Jury Trial                    14                *Vallejo POA, et al. vs. City of Vallejo, et al.*
                                                              Case No. 2:21-cv-00454-KJM-CKD

70.     Defendants', and each of them, March 31, 2021 Notice of dismissal/termination outrageously and unacceptably attempts to paint President Nichelini as a "racist cop", an entirely unfounded and spurious allegation that effectively forever destroys President Nichelini's career, professional reputation, and personal life, all in an effort by Defendants, and each of them, to avoid the political ramifications of their own mismanagement of VPD public relations and citizen dissatisfaction with the VPD and the City's job performance.

71.     Each and every attempt by City Defendants, and each of them, to discipline President Nichelini, including the termination of President Nichelini, followed President Nichelini's filing of an action against City Defendants on behalf of the VPOA, indicating each and every attempt by City Defendants to discipline President Nichelini was retaliatory and pretextual, and further establishes a pattern of similar and related harassing, retaliatory, and discriminatory conduct by City Defendants.

72.     City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and willingly participated in the formation of official polices, and promulgated, adopted, and ratified plans to target, harass, intimidate, bully, defame, retaliate against, wrongfully terminate, and interfere with the free speech and associational rights of the VPOA, VPOA members, and President Nichelini, including by interfering with President Nichelini's political activities, including whistleblowing activities, protected, concerted union activities, and Defendants, and each of them, formed the aforementioned policies and plans with the purposeful and intentional aim of directing and controlling the VPOA, its members, and its concerted activities, and Defendants, and each of them, formed the aforementioned policies and plans with the purposeful and intentional aim of suppressing the free speech rights and retaliating against the VPOA, and its members, including President Nichelini, for exercising their right to free speech with the express aim of preventing criticism of City Defendants, and each of them.

73.     City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, intentionally, purposefully, and willingly approved, endorsed, adopted, and ratified the employment practices and decisions of Defendant WILLIAMS, including the express, personal, individual approval, endorsement, and adoption by City Defendants, and each of them, of Defendant WILLIAMS's release of private and confidential personnel information, including disciplinary information, about VPOA members, including the release of private and confidential personnel information about President Nichelini.

74.     City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and willingly participated in the formation of the aforementioned official polices, and promulgated, adopted, and ratified the aforementioned plans to dismantle the VPOA leadership and scapegoat its members as responsible for the leadership inadequacies of City Defendants, and each of them, including by promulgating, adopting, and ratifying a plan to purposefully insulate Defendant WILLIAMS from his misconduct toward VPOA members by associating themselves and each other with said misconduct, and adopting and ratifying said misconduct, including, but not limited to, targeting, harassing, intimidating, bullying, defaming, retaliating against, wrongfully terminating, and interfering with the free speech and associational rights of VPOA members, including President Nichelini, including by interfering with the political activities of VPOA members and the union as a whole.

75.     City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

1    willingly participated in the formation of the aforementioned official polices, and promulgated,

2    adopted, and ratified the aforementioned plans with an aim to "reform" the VPD, despite

3    unequivocally knowing that such reformation efforts violated state and federal law and the rights

4    of VPOA members, including the rights of President Nichelini.

5        76.    City Defendants, and each of them, including GREG NYHOFF, ANNE

6    CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

7    ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

8    MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

9    willingly participated in the formation of the aforementioned official polices, and promulgated,

10   adopted, and ratified the aforementioned plans with an aim to "reform" the VPD, including direct

11   and personal involvement about employment decisions related to VPOA members, in particular

12   President Nichelini, among others, and including direct and personal involvement in ratifying and

13   adopting the employment decisions made by Defendant WILLIAMS as the employment decisions

14   of all City Defendants, and each of them.

15       77.    City Defendants, and each of them, including GREG NYHOFF, ANNE

16   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

17   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

18   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

19   willingly participated in the formation of official polices, and promulgated, adopted, and ratified

20   plans with an aim to "reform" the VPD, including by altering, changing, and removing, or

21   attempting to alter, change, or remove, procedural requirements, including requirements of, the

22   California Penal Code, the California Evidence Code, the State Constitution and Federal

23   Constitution, the MMBA, the Police Officer's Bill of Rights, and the Ralph C. Dills Act, and

24   qualified immunity, among others,  that were in place to protect the rights of VPOA members,

25   including President Nichelini.

26       78.    City Defendants, and each of them, including GREG NYHOFF, ANNE

27   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

28   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

1  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

2  willingly participated in the formation of the aforementioned official polices, and promulgated,

3  adopted, and ratified the aforementioned plans with oppression, fraud, and/or malice by knowingly,

4  intentionally, purposefully, and willingly violating state and federal law and the rights of VPOA

5  members, including under the State Constitution and Federal Constitution, including those of

6  President Nichelini.

7      79.   City Defendants, and each of them, including GREG NYHOFF, ANNE

8  CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

9  ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

10 MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

11 willingly participated in the formation of the aforementioned official polices, and promulgated,

12 adopted, and ratified the aforementioned plans with oppression, fraud, and/or malice by knowingly,

13 intentionally, purposefully, and willingly violating state and federal law and the rights of VPOA

14 members, including under the State Constitution and Federal Constitution, including those of

15 President Nichelini, however, City Defendants, and each of them, did not engage in the

16 aforementioned conduct against other unions that are similarly situated to the VPOA, or the

17 members of other unions that are similarly situated to the members of the VPOA.

18     80.   City Defendants, and each of them, including GREG NYHOFF, ANNE

19 CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

20 ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

21 MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

22 willingly participated in the formation of the aforementioned official polices, and promulgated,

23 adopted, and ratified the aforementioned plans with oppression, fraud, and/or malice by knowingly,

24 intentionally, purposefully, and willingly violating state and federal law and the rights of VPOA

25 members, including under the State Constitution and Federal Constitution, including those of

26 President Nichelini, with no legitimate governmental interest in doing so save the bare desire to

27 harm a politically unpopular group, in order to insulate City Defendants, and each of them, from

28 the consequences of their own leadership deficiencies.

81.     City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and willingly continue to purposefully and intentionally interfere with the rights conferred by the Federal and State Constitutions, and the rights conferred by Federal and State law, of the VPOA, VPOA members, and President Nichelini despite the VPOA's, VPOA members', and President Nichelini's filing of multiple unfair labor practices complaints, multiple internal complaints, and the instant complaint, and have specifically promulgated, adopted, and ratified, as a matter of official policy, a plan to continue to purposefully and intentionally interfere with the aforementioned rights of the VPOA, VPOA members, and President Nichelini.

82.     The VPOA has organizational/associational standing to assert any applicable causes of action on behalf of its members as well as the right to assert any applicable causes of action on behalf of itself regarding violations of the rights of the VPOA and/or VPOA members.  Moreover, President Nichelini has the obligation, as President of the VPOA, to protect and defend the rights of the VPOA and its members by proactively prosecuting claims on its behalf.  Additionally, each and every cause of action asserted herein relates directly to conduct or activities engaged in by the VPOA, VPOA members, or President Nichelini that is germane to the purpose of the VPOA. Further, the claims brough on behalf of the VPOA do not require individual participation by VPOA members because the benefits of preventing employer capture of the union inures to all union members.

**FIRST CAUSE OF ACTION**

**(Violations of U.S. and Cal. Constitutions – First Amendment Right to Free Speech)**

**(Plaintiffs Against All Defendants)**

83.     The VPOA and President Nichelini ("Plaintiffs") incorporate by reference each and every allegation set forth in Paragraphs 1 through 82 as though fully set forth herein.

84.     Plaintiffs seek relief on the grounds that City Defendants, and each of them, took multiple adverse employment actions against President Nichelini, violating the First Amendment

1   to the U.S. Constitution in that the multiple adverse employment actions were intended to, and

2   actually did, and continues to, prevent the VPOA and its members, including President Nichelini,

3   from engaging in protected speech and activities, including by terminating President Nichelini

4   pretextually.

5        85.   President Nichelini's correspondence to members of the VPOA and the media about

6   matters of public concern is speech protected by the First Amendment, and City Defendants, and

7   each of them, knew the correspondence was protected, concerted speech.  City Defendants further

8   knew that when he issued the correspondence, President Nichelini was speaking in his capacity as

9   the VPOA President, not as a public employee, on matters of public concern.

10       86.   Despite City Defendants', and each of them, knowledge that President Nichelini's

11   VPOA correspondence was concerted, protected speech, City Defendants nonetheless punished

12   President Nichelini for sending the correspondence, indicating that the correspondence was a

13   substantial and motivating factor for the adverse employment actions.

14       87.   City Defendants, and each of them, do not have, and have never had, adequate

15   justification for treating VPOA members, including President Nichelini, differently from any

16   citizen speaking on any matter of public concern.

17       88.   City Defendants, and each of them, would not have taken the adverse employment

18   action absent the protected speech since the stated purpose of punishing President Nichelini was

19   because he sent the concerted, protected correspondence.

20       89.   City Defendants, and each of them, including GREG NYHOFF, ANNE

21   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

22   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

23   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly,

24   intentionally, purposefully, and willingly punished President Nichelini pretextually for sending the

25   concerted, protected correspondence for the express purpose of silencing the VPOA and President

26   Nichelini's speech on behalf of the VPOA, and thus acted with oppression, fraud, and/or malice.

27       90.   City Defendants, and each of them, including GREG NYHOFF, ANNE

28   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

Second Amended Complaint for Damages and
Demand for Jury Trial                          20        *Vallejo POA, et al. vs. City of Vallejo, et al.*
Case No. 2:21-cv-00454-KJM-CKD

1    ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

2    MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

3    willingly participated in the formation of official polices, and promulgated, adopted, and ratified

4    plans to interfere with the free speech rights of the VPOA, VPOA members, and President

5    Nichelini, including by interfering with President Nichelini's political activities, including

6    whistleblowing activities, and Defendants, and each of them, formed the aforementioned policies

7    and plans with the purposeful and intentional aim of suppressing the free speech rights and

8    retaliating against the VPOA, and its members, including President Nichelini, for exercising their

9    right to free speech with the express aim of preventing criticism of City Defendants, and each of

10   them.

11        91.    As a direct and proximate consequence of City Defendants', and each of them,

12   multiple adverse employment actions against President Nichelini for engaging in protected

13   activities, the free speech of rights of Plaintiffs have already been chilled and are in fact chilled,

14   and the actions taken by City Defendants, and each of them, would chill the speech of a person of

15   ordinary firmness.

16        92.    As a direct and proximate result of Defendants', and each of them, illegal conduct,

17   Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical

18   damages, special damages, reputational harm, embarrassment, and humiliation, among other

19   things. As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs

20   have been damaged in an amount according to proof but not less than $10,500,000.00.

21        93.    Plaintiffs have incurred, and will continue to incur, attorney fees and costs because

22   of this proceeding in amounts that cannot yet be determined precisely, which are recoverable

23   pursuant to 42 U.S.C. §§ 1983 and 1988(b).  Plaintiffs are entitled to recover reasonable fees and

24   costs in defending their constitutional rights.  Accordingly, Defendants are responsible for the fees

25   and costs Plaintiffs incur in conjunction with this litigation.

26

27

28   ///

**SECOND CAUSE OF ACTION**

**(Violations of U.S. and Cal. Constitutions – First Amendment Right to Free Association)**

**(Plaintiffs Against All Defendants)**

94.     Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 93 as though fully set forth herein.

95.     Plaintiffs seek relief on the grounds that City Defendants, and each of them, took multiple adverse employment actions against President Nichelini, including terminating President Nichelini from his Civil Service employment, violating the First Amendment to the U.S. Constitution in that the multiple adverse employment actions were intended to, and actually did, and continue to, prevent the VPOA and its members, including President Nichelini, from engaging in protected associational activities.

96.     In addition to pretextually interfering with Plaintiffs' free speech rights, as noted above, City Defendants, and each of them, have conducted a series of baseless investigations and levied a series of baseless allegations against President Nichelini, including terminating President Nichelini, only *after* he became the VPOA President in early 2020.

97.     City Defendants, and each of them, knew President Nichelini and the VPOA have the right to engage in concerted activities on behalf of the VPOA and its members.  City Defendants further knew that repeated, pretextual harassment of the VPOA President would interfere with Plaintiffs' associational rights.

98.     City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, intentionally, purposefully, and willingly punished President Nichelini pretextually for sending the concerted, protected correspondence for the express purpose of interfering with the associational rights of the VPOA, and those of President Nichelini on behalf of the VPOA, and thus acted with oppression, fraud, and/or malice.

99.     City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and willingly participated in the formation of official polices, and promulgated, adopted, and ratified plans to target, harass, intimidate, bully, defame, retaliate against, wrongfully terminate, and interfere with the free speech and associational rights of the VPOA, VPOA members, and President Nichelini, including by interfering with President Nichelini's political activities, including protected, concerted union activities, and Defendants, and each of them, formed the aforementioned policies and plans with the purposeful and intentional aim of directing and controlling the VPOA, its members, and its concerted activities.

100.     Despite City Defendants', and each of them, knowledge that repeated, pretextual harassment of the VPOA President would interfere with Plaintiffs' associational rights, City Defendants nonetheless conducted a series of baseless investigations and levied a series of baseless allegations against President Nichelini only *after* he became the VPOA President, indicating that his protected associational activities were a substantial and motivating factor for the adverse employment actions, including the termination of President Nichelini, with the express aim of preventing criticism of City Defendants, and each of them.

101.     City Defendants, and each of them, do not have, and have never had, adequate justification for treating VPOA members, including President Nichelini, different from any citizen speaking on any matter of public concern, nor is it disputed that the VPOA's activities are of significant public concern.

102.     City Defendants, and each of them, would not have taken the adverse employment action absent the protected activities because the repeated, pretextual harassment of President Nichelini began only after he became VPOA President.

103.     City Defendants, and each of them, entirely deprived the VPOA of its most important official for the purpose of weakening the union and interfering with its protected,

Second Amended Complaint for Damages and
Demand for Jury Trial                                          23                    *Vallejo POA, et al. vs. City of Vallejo, et al.*
Case No. 2:21-cv-00454-KJM-CKD

1  concerted activity by barring President Nichelini from the workplace and then terminating President

2  Nichelini pretextually.

3      104.    As a direct and proximate consequence of City Defendants', and each of them,

4  multiple adverse employment actions against President Nichelini for engaging in protected,

5  concerted activities, the associational rights of Plaintiffs have already been chilled and are in fact

6  chilled.

7      105.    As a direct and proximate result of Defendants', and each of them, illegal conduct,

8  Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical

9  damages, special damages, reputational harm, embarrassment, and humiliation, among other

10  things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs

11  have been damaged in an amount according to proof but not less than $10,500,000.00.

12      106.    Plaintiffs have incurred, and will continue to incur, attorney fees and costs because

13  of this proceeding in amounts that cannot yet be determined precisely, which are recoverable

14  pursuant to 42 U.S.C. §§ 1983 and 1988(b).  Plaintiffs are entitled to recover reasonable fees and

15  costs in defending their constitutional rights.  Accordingly, Defendants are responsible for the fees

16  and costs Plaintiffs incur in conjunction with this litigation.

17                              **THIRD CAUSE OF ACTION**

18  **(Violations of U.S. and Cal. Constitutions – Fourteenth Amendment Right to Substantive**

19                                    **Due Process)**

20                          **(Plaintiffs Against All Defendants)**

21      107.    Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs

22  1 through 106 as though fully set forth herein.

23      108.    City Defendants', and each of them, arbitrary enforcement of VPD policies,

24  guidelines, and standards allows the VPD to discriminatorily punish VPOA members, including

25  President Nichelini, who speak out about or expose issues directly adverse to their interests, such

26  as corruption or incompetence.

27

28  ///

109.   City Defendants, and each of them, have no compelling reason that would justify censorship of VPOA members' speech, or interference with VPOA members' speech, associational, and/or employment rights.

110.   City Defendants', and each of them, arbitrary enforcement of VPD policies, guidelines, and standards significantly burdens VPOA members' speech, associational, and employment rights, and have entirely deprived the VPOA of much needed fierce, knowledgeable, and experienced representation in a hyper-political environment by terminating President Nichelini pretextually.

111.   City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, intentionally, purposefully, and willingly approved, endorsed, adopted, and ratified the employment practices and decisions of Defendant WILLIAMS, including his arbitrary enforcement of VPD policies, guidelines, and standards, for the express purpose of allowing the VPD and Defendant WILLAIMS to discriminatorily punish VPOA members, including President Nichelini, who speak out about or expose issues directly adverse to their interests, such as corruption or incompetence, thus acting with oppression, fraud, and/or malice.

112.   City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, intentionally, purposefully, and willingly approved, endorsed, adopted, and ratified a plan, as a matter of official policy, to specifically and unjustly deprive VPOA members, including President Nichelini, of the right to work in their chosen profession by arbitrarily enforcing VPD policies, guidelines, and standards, including direct and personal involvement in ratifying and adopting the employment decisions made by Defendant WILLIAMS as the employment decisions of all City

1  Defendants, and each of them, for the express purpose of collectively insulating Defendant

2  WILLIAMS from his own misconduct.

3      113.   City Defendants', and each of them, arbitrary enforcement of VPD policies,

4  guidelines, and standards therefore violate the Due Process Clause of the U.S. Constitution.

5      114.   As a direct and proximate result of Defendants', and each of them, illegal conduct,

6  Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical

7  damages, special damages, reputational harm, embarrassment, and humiliation, among other

8  things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs

9  have been damaged in an amount according to proof but not less than $10,500,000.00.

10      115.   Plaintiffs have incurred, and will continue to incur, attorney fees and costs because

11  of this proceeding in amounts that cannot yet be determined precisely, which are recoverable

12  pursuant to 42 U.S.C. §§ 1983 and 1988(b).  Plaintiffs are entitled to recover reasonable fees and

13  costs in defending their constitutional rights.  Accordingly, Defendants are responsible for the fees

14  and costs Plaintiffs incur in conjunction with this litigation.

15                                  **FOURTH CAUSE OF ACTION**

16      **(Violations of U.S. and Cal. Constitutions – Fourteenth Amendment Right to Procedural**

17                                        **Due Process)**

18                              **(Plaintiffs Against All Defendants)**

19      116.   Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs

20  1 through 115 as though fully set forth herein.

21      117.   City Defendants, and each of them, including GREG NYHOFF, ANNE

22  CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

23  ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

24  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

25  willingly participated in the formation of official polices, and promulgated, adopted, and ratified

26  plans with an aim to "reform" the VPD, including by altering, changing, and removing, or

27  attempting to alter, change, or remove, procedural requirements, including requirements of, the

28  California Penal Code, the California Evidence Code, the State Constitution and Federal

1    Constitution, the MMBA, the Police Officer's Bill of Rights, and the Ralph C. Dills Act, and

2    qualified immunity, among others,  that were in place to protect the rights of VPOA members,

3    including President Nichelini.

4        118.    City Defendants, and each of them, denied President Nichelini the opportunity to be

5    heard and to have a neutral decision maker decide any adverse employment consequences.  Instead,

6    City Defendants, and each of them, had a Termination Notice containing multiple glaring factual

7    inaccuracies and internal inconsistencies, served on President Nichelini.

8        119.    City Defendants, and each of them, further denied President Nichelini the

9    opportunity to be noticed, to be heard, and to have a decision on any adverse employment

10   consequences be made by a neutral decision maker by falsely accusing President Nichelini of

11   destroying windshield evidence and placing him on administrative leave despite City Defendants'

12   and each of them, knowledge that President Nichelini was not involved in the destruction of

13   windshield evidence.

14       120.    City Defendants, and each of them, further denied President Nichelini the

15   opportunity to be noticed, to be heard, and to have a decision on any adverse employment

16   consequences be made by a neutral decision maker by pretextually terminating President

17   Nichelini's employment for his engaging in protected, concerted activities.

18       121.    City Defendants', and each of them, denials of President Nichelini's right to an

19   opportunity to be heard and to have a decision on any adverse employment consequences to be

20   made by a neutral decision maker therefore violate the Due Process Clause of the U.S. Constitution.

21       122.    City Defendants, and each of them, defamed President Nichelini, impugning his

22   good name, reputation, honor, integrity, and other tangible interests, such as employment, including

23   future employment, in the course of City Defendants', and each of them, improper efforts to

24   terminate President Nichelini.

25       123.    City Defendants, and each of them, deprived President Nichelini of his right to

26   privacy, good name, reputation, honor, integrity, and other tangible interests, such as employment,

27   including future employment, as secured by independent and adequate bases of state law, without

28   providing President Nichelini notice and an opportunity to be heard by a neutral decision maker.

124.   City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, intentionally, purposefully, and willingly approved, endorsed, adopted, and ratified the employment practices and decisions of Defendant WILLIAMS, including the knowingly false dissemination of the windshield charges, City Defendants', and each of them, knowing and intentional leaking of those charges to the press, the intentional failure to have President Nichelini be heard by a neutral decision maker, including City Defendants', and each of them, personal animus toward President Nichelini in seeking his termination for the express purpose of removing him as President of the VPOA, and City Defendants', and each of them, purposeful public disparagement of President Nicheini and his fitness for his profession for the express purpose of removing him as President of the VPOA,  thus acting with oppression, fraud, and/or malice.

125.   As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical damages, special damages, reputational harm, embarrassment, and humiliation, among other things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs have been damaged in an amount according to proof but not less than $10,500,000.00.

126.   Plaintiffs have incurred, and will continue to incur, attorney fees and costs because of this proceeding in amounts that cannot yet be determined precisely, which are recoverable pursuant to 42 U.S.C. §§ 1983 and 1988(b).  Plaintiffs are entitled to recover reasonable fees and costs in defending their constitutional rights.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in conjunction with this litigation.

///

**FIFTH CAUSE OF ACTION**

**(Violations of U.S. and Cal. Constitutions – Fourteenth Amendment Right to Equal Protection)**

**(Plaintiffs Against All Defendants)**

127.    Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 126 as though fully set forth herein.

128.    City Defendants', and each of them, arbitrary enforcement of VPD policies, guidelines, and standards against VPOA members, denials of VPOA members' right to be noticed, heard, and to have a decision on any adverse employment consequences to be made by a neutral decision maker, and the infringements of the VPOA and VPOA members' free speech and associational rights, including President Nichelini, treats the VPOA and its members differently than other similarly situated individuals, based on their speech's content, the viewpoint of their expression, their employment status, and their status as union members.

129.    Because City Defendants', and each of them, actions impact the VPOA's free speech and associational rights, a fundamental right is implicated.

130.    Other unions within the City of Vallejo, such as The International Brotherhood of Electrical Workers (IBEW), The International Association of Firefighters (IAFF), and the Confidential, Administrative, Managerial, & Professional Association (CAMP), similarly situated, are not experiencing targeted repression of their members' speech and associational rights, as described herein.

131.    City Defendants, and each of them, have no rational, legitimate, or compelling reason that would justify their disparate treatment of the VPOA or its members, including President Nichelini.

132.    City Defendants', and each of them, arbitrary enforcement of VPD policies, guidelines, and standards against VPOA members, denials of VPOA members' right to be noticed, heard, and to have a decision on any adverse employment consequences, including the termination of President Nichelini, to be made by a neutral decision maker, and the infringements of the VPOA

1    and VPOA members' free speech and associational rights, including President Nichelini, violates

2    the Equal Protection Clause of the U.S. Constitution.

3        133.   City Defendants, and each of them, including GREG NYHOFF, ANNE

4    CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

5    ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

6    MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

7    willingly participated in the formation of the aforementioned official polices, and promulgated,

8    adopted, and ratified the aforementioned plans to dismantle the VPOA leadership and scapegoat its

9    members as responsible for the leadership inadequacies of City Defendants, and each of them,

10   including by promulgating, adopting, and ratifying a plan to purposefully insulate Defendant

11   WILLIAMS from his misconduct toward VPOA members by associating themselves and each

12   other with said misconduct, and adopting and ratifying said misconduct, including, but not limited

13   to, targeting, harassing, intimidating, bullying, defaming, retaliating against, wrongfully

14   terminating, and interfering with the free speech and associational rights of VPOA members,

15   including President Nichelini, including by interfering with the political activities of VPOA

16   members and the union as a whole, while treating the members, including the operating board

17   members such as President, of other similarly situated unions and union members similarly situated,

18   differently.

19       134.   City Defendants, and each of them, including GREG NYHOFF, ANNE

20   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

21   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

22   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

23   willingly participated in the formation of the aforementioned official polices, and promulgated,

24   adopted, and ratified the aforementioned plans with oppression, fraud, and/or malice by knowingly,

25   intentionally, purposefully, and willingly violating state and federal law and the rights of VPOA

26   members, including under the State Constitution and Federal Constitution, including those of

27   President Nichelini, for the express purpose of dismantling the leadership of the VPOA, however,

28   City Defendants, and each of them, did not engage in the aforementioned conduct against other

1   unions that are similarly situated to the VPOA, or the members of other unions that are similarly

2   situated to the members of the VPOA.

3       135.    As a direct and proximate result of Defendants', and each of them, illegal conduct,

4   Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical

5   damages, special damages, reputational harm, embarrassment, and humiliation, among other

6   things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs

7   have been damaged in an amount according to proof but not less than $10,500,000.00.

8       136.    Plaintiffs have incurred, and will continue to incur, attorney fees and costs because

9   of this proceeding in amounts that cannot yet be determined precisely, which are recoverable

10   pursuant to 42 U.S.C. §§ 1983 and 1988(b).  Plaintiffs are entitled to recover reasonable fees and

11   costs in defending their constitutional rights.  Accordingly, Defendants are responsible for the fees

12   and costs Plaintiffs incur in conjunction with this litigation.

13   **SIXTH CAUSE OF ACTION**

14   **(Violations of U.S. and Cal. Constitutions – Right to Freedom from Retaliation)**

15   **(Plaintiffs Against All Defendants)**

16       137.    Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs

17   1 through 136 as though fully set forth herein.

18       138.    The VPOA and its members, including President Nichelini, have rights under the

19   First and Fourteenth Amendments to the U.S. Constitution to be free from retaliation when

20   exercising their rights to free speech, where, as here, those members speak as private citizens about

21   matters of public concern.

22       139.    President Nichelini's correspondence to members of the VPOA and the media about

23   matters of public concern is speech protected by the First Amendment, and City Defendants, and

24   each of them, knew the correspondence was protected, concerted speech.  City Defendants further

25   knew that when he issued the correspondence, President Nichelini was speaking in his capacity as

26   the VPOA President, not as a public employee, on matters of public concern.

27       140.    Despite City Defendants', and each of them, knowledge that President Nichelini's

28   VPOA correspondence was concerted, protected speech, City Defendants nonetheless punished

1    President Nichelini for sending the correspondence, indicating that the correspondence was a
2    substantial and motivating factor for the adverse employment actions.

3        141.   City Defendants, and each of them, do not have, and have never had, adequate
4    justification for treating VPOA members, including President Nichelini, differently from any
5    citizen speaking on any matter of public concern.

6        142.   City Defendants, and each of them, would not have taken the adverse employment
7    action absent the protected speech since the stated purpose of punishing President Nichelini was
8    because he sent the concerted, protected correspondence.

9        143.   City Defendants, and each of them, including GREG NYHOFF, ANNE
10   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA
11   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY
12   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly,
13   intentionally, purposefully, and willingly punished President Nichelini pretextually for sending the
14   concerted, protected correspondence for the express purpose of silencing the VPOA, VPOA
15   members' speech, and President Nichelini's speech on behalf of the VPOA.

16       144.   City Defendants, and each of them, including GREG NYHOFF, ANNE
17   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA
18   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY
19   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and
20   willingly participated in the formation of official polices, and promulgated, adopted, and ratified
21   plans to target, harass, intimidate, bully, defame, retaliate against, wrongfully terminate, and
22   interfere with the free speech and associational rights of the VPOA, VPOA members, and President
23   Nichelini, including by interfering with President Nichelini's political activities, including
24   whistleblowing activities, protected, concerted union activities, and Defendants, and each of them,
25   formed the aforementioned policies and plans with the purposeful and intentional aim of directing
26   and controlling the VPOA, its members, and its concerted activities, and Defendants, and each of
27   them, formed the aforementioned policies and plans with the purposeful and intentional aim of
28   suppressing the free speech rights and retaliating against the VPOA, and its members, including

1    President Nichelini, for exercising their right to free speech with the express aim of preventing

2    criticism of City Defendants, and each of them.

3           145.   City Defendants, and each of them, including GREG NYHOFF, ANNE

4    CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

5    ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

6    MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

7    willingly participated in the formation of the aforementioned official polices, and promulgated,

8    adopted, and ratified the aforementioned plans to dismantle the VPOA leadership and scapegoat its

9    members as responsible for the leadership inadequacies of City Defendants, and each of them,

10   including by promulgating, adopting, and ratifying a plan to purposefully insulate Defendant

11   WILLIAMS from his misconduct toward VPOA members by associating themselves and each

12   other with said misconduct, and adopting and ratifying said misconduct, including, but not limited

13   to, targeting, harassing, intimidating, bullying, defaming, retaliating against, wrongfully

14   terminating, and interfering with the free speech and associational rights of VPOA members,

15   including President Nichelini, including by interfering with the political activities of VPOA

16   members and the union as a whole.

17          146.   City Defendants, and each of them, including GREG NYHOFF, ANNE

18   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

19   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

20   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

21   willingly participated in the formation of the aforementioned official polices, and promulgated,

22   adopted, and ratified the aforementioned plans with an aim to "reform" the VPD, despite

23   unequivocally knowing that such reformation efforts violated state and federal law and the rights

24   of VPOA members, including President Nichelini.

25          147.   City Defendants, and each of them, including GREG NYHOFF, ANNE

26   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

27   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

28   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

1   willingly participated in the formation of the aforementioned official polices, and promulgated,

2   adopted, and ratified the aforementioned plans with an aim to "reform" the VPD, including direct

3   and personal involvement about employment decisions related to VPOA members, in particular

4   President Nichelini, among others, and including direct and personal involvement in ratifying and

5   adopting the employment decisions made by Defendant WILLIAMS as the employment decisions

6   of all City Defendants, and each of them.

7       148.    City Defendants, and each of them, including GREG NYHOFF, ANNE

8   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

9   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

10  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

11  willingly participated in the formation of the aforementioned official polices, and promulgated,

12  adopted, and ratified the aforementioned plans with oppression, fraud, and/or malice by knowingly,

13  intentionally, purposefully, and willingly violating state and federal law and the rights of VPOA

14  members, including under the State Constitution and Federal Constitution, including those of

15  President Nichelini.

16      149.    As explained above herein, the multiple adverse employment actions to which City

17  Defendants, and each of them, subjected Plaintiffs were in direct response to the exercise of

18  Plaintiffs' protected, concerted activities, including Plaintiffs' rights to freedom of speech and

19  association.  Plaintiffs were thus engaged in a constitutionally protected activity.

20      150.    The adverse employment actions City Defendants, and each of them, took against

21  President Nichelini would chill a person of ordinary firmness because City Defendants, and each

22  of them, threatened to terminate President Nichelini for engaging in protected, concerted activity

23  on behalf of the VPOA and its members.

24      151.    Plaintiffs' interest in effectively representing the VPOA and its members outweigh

25  any interest City Defendants, and each of them, can have in promoting the efficiency of its public

26  services by trampling on VPOA members' free speech and associational rights, and entirely

27  depriving them of much needed fierce, knowledgeable, and experienced representation in a hyper-

28  political environment by terminating President Nichelini pretextually.

152.   City Defendants, and each of them, took adverse employment actions against the VPOA and its members, including President Nichelini, motivated solely by the VPOA's exercise of its constitutional rights.

153.   As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical damages, special damages, reputational harm, embarrassment, and humiliation, among other things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs have been damaged in an amount according to proof but not less than $10,500,000.00.

154.   Plaintiffs have incurred, and will continue to incur, attorney fees and costs because of this proceeding in amounts that cannot yet be determined precisely, which are recoverable pursuant to 42 U.S.C. §§ 1983 and 1988(b).  Plaintiffs are entitled to recover reasonable fees and costs in defending their constitutional rights.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in conjunction with this litigation.

## SEVENTH CAUSE OF ACTION

### (Violations of U.S. Constitution – Right to Privacy)

### (President Nichelini Against All Defendants)

155.   Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 154 as though fully set forth herein.

156.   The U.S. Constitution guarantees Plaintiff's privacy, dignity, and security against certain arbitrary, invasive, or abusive acts by public employers, without regard to whether the government actor is investigating a crime or performing some other government function.

157.   Plaintiff has a reasonable expectation of privacy in VPOA member personnel information and an interest legally protected therein by state and federal law.

158.   The disclosure of VPOA personnel or medical files, or other confidential personnel information such as internal disciplinary actions and/or records, constitutes a clearly unwarranted and serious invasion of privacy of VPOA members.

159.   No privilege protects City Defendants, and each of them, from the unwarranted disclosure of VPOA member personnel information to members of the public or the media.

Second Amended Complaint for Damages and
Demand for Jury Trial                                    35                    *Vallejo POA, et al. vs. City of Vallejo, et al.*
Case No. 2:21-cv-00454-KJM-CKD

160.   City Defendants, and each of them, violated the VPOA's and President Nichelini's privacy rights by releasing President Nichelini's confidential personnel information, including alleged disciplinary action taken against President Nichelini, to members of the public and the media.

161.   City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, intentionally, purposefully, and willingly approved, endorsed, adopted, and ratified the employment practices and decisions of Defendant WILLIAMS, including the express, personal, individual approval, endorsement, and adoption by City Defendants, and each of them, of Defendant WILLIAMS's release of private and confidential personnel information, including disciplinary information, about VPOA members and President Nichelini, with the express aim of damaging the VPOA's, VPOA members', and President Nichelini's reputation, thus acting with oppression, fraud, and/or malice.

162.   As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical damages, special damages, reputational harm, embarrassment, and humiliation, among other things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff has been damaged in an amount according to proof but not less than $10,500,000.00.

163.   Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs because of this proceeding in amounts that cannot yet be determined precisely, which are recoverable, in addition to special damages.  Plaintiffs are entitled to recover reasonable fees and costs in defending his rights.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in conjunction with this litigation.

///

**EIGHTH CAUSE OF ACTION**

**(Violations of California Constitution and Statutes – Right to Privacy)**

**(President Nichelini Against All Defendants)**

164. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 163 as though fully set forth herein.

165. The California Constitution, Article I, Section I confers on Plaintiffs a general right to the reasonable expectation of privacy and an interest legally protected therein.

166. Peace Officers, including all VPOA members and President Nichelini, have additional privacy protections in California under Cal. Penal Code § 832.7 and Cal. Evid. Code § 1043 *et seq*., and an interest legally protected therein.

167. Employers of Peace Officers in California, including City Defendants, and each of them, may not release the personnel records of VPOA members, particularly as it regards discipline, to members of the general public or the media.

168. Plaintiff has a reasonable expectation of privacy in confidential VPOA member personnel information and an interest legally protected therein. Furthermore, confidential VPOA member personnel information cannot be considered an appropriate matter of public concern.

169. The disclosure of VPOA personnel or medical files constitutes a clearly unwarranted and serious invasion of VPOA members' privacy. Moreover, such public disclosure of private facts regarding an employee's confidential personnel file would be highly offensive and objectionable to the reasonable person, and was in fact highly offensive and objectionable to Plaintiffs.

170. No privilege protects City Defendants, and each of them, from the unwarranted disclosure of VPOA member personnel information to members of the public or the media. Further, City Defendants, and each of them, knew that a reasonable person would consider the publicity highly offensive and objectionable or acted with reckless disregard for whether a reasonable person would consider the publicity highly offensive and objectionable.

171. City Defendants, and each of them, violated the VPOA's and President Nichelini's privacy rights by releasing President Nichelini's confidential personnel information, including disciplinary action taken against President Nichelini, to members of the public and the media.

Second Amended Complaint for Damages and
Demand for Jury Trial                                        37                    *Vallejo POA, et al. vs. City of Vallejo, et al.*
Case No. 2:21-cv-00454-KJM-CKD

172.   City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, intentionally, purposefully, and willingly approved, endorsed, adopted, and ratified the employment practices and decisions of Defendant WILLIAMS, including the express, personal, individual approval, endorsement, direction, and adoption by City Defendants, and each of them, of Defendant WILLIAMS's release of private and confidential personnel information, including disciplinary information, about VPOA members and President Nichelini, with the express aim of damaging the VPOA's, VPOA members', and President Nichelini's reputation, thus acting with oppression, fraud, and/or malice.

173.   As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff has suffered physical and/or mental anguish, past lost wages, future lost wages, medical damages, special damages, reputational harm, embarrassment, and humiliation, among other things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs have been damaged in an amount according to proof but not less than $10,500,000.00.

174.   Plaintiff has incurred, and will continue to incur, actual damages, attorney fees and costs because of this proceeding in amounts that cannot yet be determined precisely, which are recoverable, in addition to special damages.  Plaintiffs are entitled to recover reasonable fees and costs in defending his rights.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in conjunction with this litigation.

## NINTH CAUSE OF ACTION

**(Defamation and Reputational Harm – Cal. Civil Code §§ 44-47)**

**(President Nichelini Against All Defendants)**

175.   Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 174 as though fully set forth herein.

///

176. California Civil Code §§ 44-47 set forth multiple defamation statutes, including a bar against filing a complaint with a peace officer's employment agency alleging misconduct, criminal misconduct, or incompetence with knowledge such complaint is false.

177. California Gov't Code § 815.2 provides liability for public entities for harm proximately caused by an act or omission of an employee of the public entity, including defamation.

178. In addition to Cal. Gov't Code § 815.2, President Nichelini's reputational and privacy interests are protected against employer invasion by California statute, multiple California common law doctrines, the California Constitution, and the Federal Constitution.

179. Despite those protections, City Defendants, and each of them, intentionally caused false and defamatory statements about President Nichelini to be leaked to the local press and published, including that President Nichelini destroyed a windshield, that President Nichelini had been punished and needed to be apologized for, and that President Nichelini has racial animus toward any group, resulting in foreseeable reputational harm to President Nichelini.

180. The defamatory statements supplied by City Defendants, and each of them, to the local press adversely reflect on President Nichelini's ability to engage in his profession, causing irreparable harm to President Nichelini's trade, profession, and occupation, and future earning capacity.

181. The defamatory statements supplied by City Defendants, and each of them, to the local press about President Nichelini were, and are false, and the falsity of the statements was known to City Defendants, and each of them, at the time the statements were publicized to the local press.

182. The defamatory statements supplied by City Defendants, and each of them, to the local press about President Nichelini were and are false, and the City Defendants, and each of them, at the time the statements were publicized to the local press, publicized those statements with reckless disregard for the truth or falsity of the statements, thus acting with oppression, fraud, and/or malice.

183. City Defendants, and each of them, knew the local press reasonably understood the defamatory statements to be about President Nichelini and that the local press understood the

1  defamatory statements to mean that President Nichelini was forever unqualified to engage in his

2  profession, causing irreparable harm to President Nichelini's trade, profession, and occupation, and

3  future earning capacity.

4          184.   City Defendants, and each of them, knew, that because of the facts and

5  circumstances known to the local press, that the statements tended to injure President Nichelini in

6  his occupation, intentionally exposing President Nichelini to hatred, contempt, ridicule, and shame,

7  and to discourage others from associating or dealing with President Nichelini.

8          185.   President Nichelini's reputation was invaded and damaged by the defamatory

9  statements supplied by City Defendants, and each of them, to the local press as evidenced by

10  subsequent, repeated public attacks on President Nichelini's character and reputation by members

11  of the local citizenry and press, and others, through both traditional and social media channels.

12          186.   The defamatory statements published by Defendants, and each of them, showed

13  President Nichelini in a false light.  Moreover, Defendants, and each of them, knew the defamatory

14  statements would create a false impression about President Nichelini, and Defendants, and each of

15  them, acted with reckless disregard as to whether the defamatory statements would create a false

16  impression about President Nichelini.

17          187.   The defamatory statements published by Defendants, and each of them, about

18  President Nichelini caused him to suffer harm to his trade, profession, and occupation, and

19  President Nichelini has spent and lost money as a result of the defamatory statements.

20          188.   City Defendants, and each of them, including GREG NYHOFF, ANNE

21  CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

22  ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

23  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly,

24  intentionally, purposefully, and willingly approved, endorsed, adopted, and ratified the

25  employment practices and decisions of Defendant WILLIAMS, including the express, personal,

26  individual approval, endorsement, and adoption by City Defendants, and each of them, of

27  Defendant WILLIAMS's release of private and confidential personnel information, including

28  disciplinary information, and including knowingly false information, about President Nichelini,

1    with the express purpose of forever destroying President Nichelini's career as a police officer by

2    individually, knowingly, intentionally, purposefully, and willingly publicly portraying President

3    Nichelini as a "racist cop",  and with the express purpose of forever tarnishing President Nichelini's

4    reputation and image, and to damage and hamstring the VPOA, and to tarnish the VPOA's image

5    and reputation, and the images and reputations of other VPOA members.

6        189.    As a direct and proximate result of Defendants', and each of them, illegal conduct,

7    Plaintiff has suffered physical and/or mental anguish, past lost wages, future lost wages, medical

8    damages, special damages, reputational harm, embarrassment, and humiliation, among other

9    things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff

10   has been damaged in an amount according to proof but not less than $10,500,000.00.

11       190.    Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees

12   and costs because of this proceeding in amounts that cannot yet be determined precisely, which are

13   recoverable, in addition to special damages.  Plaintiffs are entitled to recover reasonable fees and

14   costs in defending his rights.  Accordingly, Defendants are responsible for the fees and costs

15   Plaintiffs incur in conjunction with this litigation.

16                                    **TENTH CAUSE OF ACTION**

17                **(Interference with Union Activities – Cal. Gov. Code §§ 3500 et seq.)**

18                                **(Plaintiffs Against All Defendants)**

19       191.    Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs

20   1 through 190 as though fully set forth herein.

21       192.    By engaging in the acts described herein, City Defendants, and each of them,

22   unlawfully interfered with VPOA members' rights guaranteed by Cal. Gov. Code §§ 3502, 3503,

23   3504, 3505, and 3506, including those of President Nichelini.

24       193.    By engaging in the acts described herein, City Defendants, and each of them,

25   unlawfully interfered with the administration of the VPOA.

26       194.    By engaging in the acts described herein, City Defendants, and each of them,

27   unlawfully interfered with the VPOA and its members, including President Nichelini, by

28   conditioning employment, threatening to discharge or fail to retain, and other threats of reprisal,

1  against the VPOA and its members, including President Nichelini, for their engagement in

2  concerted activities, and for in fact terminating President Nichelini for his engaging in concerted,

3  protected activities.

4         195.   City Defendants, and each of them, including GREG NYHOFF, ANNE

5  CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

6  ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

7  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

8  willingly participated in the formation of official polices, and promulgated, adopted, and ratified

9  plans with an aim to "reform" the VPD, despite unequivocally knowing that such reformation

10  efforts violated state and federal law and the rights of VPOA members, including President

11  Nichelini, with the express purpose and desire to directly interfere with the VPOA and its leadership

12  structure.

13         196.   City Defendants, and each of them, including GREG NYHOFF, ANNE

14  CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

15  ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

16  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

17  willingly participated in the formation of official polices, and promulgated, adopted, and ratified

18  the plans to dismantle the VPOA leadership and scapegoat its members as responsible for the

19  leadership inadequacies of City Defendants, and each of them, including by promulgating,

20  adopting, and ratifying a plan to purposefully insulate Defendant WILLIAMS from his misconduct

21  toward VPOA members by associating themselves and each other with said misconduct, and

22  adopting and ratifying said misconduct, including, but not limited to, targeting, harassing,

23  intimidating, bullying, defaming, retaliating against, wrongfully terminating, and interfering with

24  the free speech and associational rights of VPOA members, including President Nichelini,

25  including by interfering with the political activities of VPOA members and the union as a whole,

26  thus acting with oppression, fraud, and/or malice.

27         197.   As a direct and proximate result of Defendants', and each of them, illegal conduct,

28  Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical

1    damages, special damages, reputational harm, embarrassment, and humiliation, among other
2    things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs
3    have been damaged in an amount according to proof but not less than $10,500,000.00.

4          198.   Because of the unlawful acts of City Defendants, and each of them, as described
5    herein, Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs
6    because of this proceeding in amounts that cannot yet be determined precisely, which are
7    recoverable.  Plaintiffs are entitled to attorney fees, costs, and punitive damages pursuant to Cal.
8    Gov. Code § 3309.5.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur
9    in conjunction with this litigation.

10                          **ELEVENTH CAUSE OF ACTION**

11                **(Discrimination – Cal. Gov. Code §§ 3500 et seq.)**

12                      **(Plaintiffs Against All Defendants)**

13         199.   Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs
14    1 through 198 as though fully set forth herein.

15         200.   By engaging in the acts described herein, City Defendants, and each of them,
16    unlawfully interfered with VPOA members' rights guaranteed by Cal. Gov. Code §§ 3502, 3503,
17    3504, 3505, and 3506, including those of President Nichelini.

18         201.   By engaging in the acts described herein, City Defendants, and each of them,
19    unlawfully discriminated against members of the VPOA, including President Nichelini.

20         202.   By engaging in the acts described herein, City Defendants, and each of them,
21    unlawfully discriminated against the VPOA and its members, including President Nichelini, by
22    conditioning employment, threatening to discharge or fail to retain, and other threats of reprisal,
23    against the VPOA and its members, including President Nichelini, for their engagement in
24    concerted activities, and for in fact terminating President Nichelini for his engaging in concerted,
25    protected activities.

26         203.   City Defendants, and each of them, including GREG NYHOFF, ANNE
27    CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA
28    ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

1   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

2   willingly participated in the formation of official polices, and promulgated, adopted, and ratified

3   plans with an aim to "reform" the VPD, despite unequivocally knowing that such reformation

4   efforts violated state and federal law and the rights of VPOA members, including President

5   Nichelini, and discriminated against VPOA members with no legitimate government interest in

6   doing so save a bare desire to harm a politically unpopular group.

7       204.   City Defendants, and each of them, including GREG NYHOFF, ANNE

8   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

9   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

10  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

11  willingly participated in the formation of official polices, and promulgated, adopted, and ratified

12  the plans to dismantle the VPOA leadership and scapegoat its members as responsible for the

13  leadership inadequacies of City Defendants, and each of them, including by promulgating,

14  adopting, and ratifying a plan to purposefully insulate Defendant WILLIAMS from his misconduct

15  toward VPOA members by associating themselves and each other with said misconduct, and

16  adopting and ratifying said misconduct, including, but not limited to, targeting, harassing,

17  intimidating, bullying, defaming, retaliating against, wrongfully terminating, and interfering with

18  the free speech and associational rights of VPOA members, including President Nichelini,

19  including for the express purpose of interfering with, controlling, and directing the political

20  activities of VPOA members and the union as a whole, thus acting with oppression, fraud, and/or

21  malice.

22      205.   City Defendants, and each of them, including GREG NYHOFF, ANNE

23  CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

24  ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

25  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

26  willingly participated in the formation of the aforementioned official polices, and promulgated,

27  adopted, and ratified the aforementioned plans to dismantle the VPOA leadership and scapegoat its

28  members as responsible for the leadership inadequacies of City Defendants, and each of them,

1    including by promulgating, adopting, and ratifying a plan to purposefully insulate Defendant

2    WILLIAMS from his misconduct toward VPOA members by associating themselves and each

3    other with said misconduct, and adopting and ratifying said misconduct, including, but not limited

4    to, targeting, harassing, intimidating, bullying, defaming, retaliating against, wrongfully

5    terminating, and interfering with the free speech and associational rights of VPOA members,

6    including President Nichelini, including by interfering with the political activities of VPOA

7    members and the union as a whole, while treating the members, including the operating board

8    members such as President, of other similarly situated unions and union members similarly situated,

9    differently.

10       206.   City Defendants, and each of them, including GREG NYHOFF, ANNE

11   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

12   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

13   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

14   willingly participated in the formation of the aforementioned official polices, and promulgated,

15   adopted, and ratified the aforementioned plans with oppression, fraud, and/or malice by knowingly,

16   intentionally, purposefully, and willingly violating state and federal law and the rights of VPOA

17   members, including under the State Constitution and Federal Constitution, including those of

18   President Nichelini, for the express purpose of dismantling the leadership of the VPOA, however,

19   City Defendants, and each of them, did not engage in the aforementioned conduct against other

20   unions that are similarly situated to the VPOA, or the members of other unions that are similarly

21   situated to the members of the VPOA.

22       207.   As a direct and proximate result of Defendants', and each of them, illegal conduct,

23   Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical

24   damages, special damages, reputational harm, embarrassment, and humiliation, among other

25   things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs

26   have been damaged in an amount according to proof but not less than $10,500,000.00.

27       208.   Because of the unlawful acts of City Defendants, and each of them, as described

28   herein, Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs

1    because of this proceeding in amounts that cannot yet be determined precisely, which are

2    recoverable.  Plaintiffs are entitled to attorney fees, costs, and punitive damages pursuant to Cal.

3    Gov. Code § 3309.5.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur

4    in conjunction with this litigation.

**TWELFTH CAUSE OF ACTION**

**(Retaliation – Cal. Gov. Code §§ 3300 et seq. & 3500 et seq.)**

**(Plaintiffs Against All Defendants)**

8    209.    Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs

9    1 through 208 as though fully set forth herein.

10    210.    By engaging in the acts described herein, City Defendants, and each of them,

11    unlawfully interfered with VPOA members' rights guaranteed by Cal. Gov. Code §§ 3304, 3502,

12    3503, 3504, 3505, and 3506, including those of President Nichelini.

13    211.    By engaging in the acts described herein, City Defendants, and each of them,

14    unlawfully retaliated against members of the VPOA, including President Nichelini.

15    212.    By engaging in the acts described herein, City Defendants, and each of them,

16    unlawfully retaliated against the VPOA and its members, including President Nichelini, by

17    conditioning employment, threatening to discharge or fail to retain, and other threats of reprisal,

18    against the VPOA and its members, including President Nichelini, for their engagement in

19    concerted activities, and for in fact terminating President Nichelini for his engaging in concerted,

20    protected activities.

21    213.    City Defendants, and each of them, including GREG NYHOFF, ANNE

22    CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

23    ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

24    MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly,

25    intentionally, purposefully, and willingly punished President Nichelini pretextually for sending the

26    concerted, protected correspondence for the express purpose of silencing the VPOA, VPOA

27    members' speech, and President Nichelini's speech on behalf of the VPOA, for the sole and

28    illegitimate purpose of retaliating against the VPOA, VPOA members, and President Nichelini for

1   engaging in protected concerted activities, whistleblowing, and resisting the "reform" efforts of

2   City Defendants, and each of them.

3       214.   City Defendants, and each of them, including GREG NYHOFF, ANNE

4   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

5   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

6   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

7   willingly participated in the formation of official polices, and promulgated, adopted, and ratified

8   the plans to dismantle the VPOA leadership and scapegoat its members as responsible for the

9   leadership inadequacies of City Defendants, and each of them, including by promulgating,

10  adopting, and ratifying a plan to purposefully insulate Defendant WILLIAMS from his misconduct

11  toward VPOA members by associating themselves and each other with said misconduct, and

12  adopting and ratifying said misconduct, including, but not limited to, targeting, harassing,

13  intimidating, bullying, defaming, retaliating against, wrongfully terminating, and interfering with

14  the free speech and associational rights of VPOA members, including President Nichelini,

15  including by interfering with the political activities of VPOA members and the union as a whole.

16      215.   City Defendants, and each of them, including GREG NYHOFF, ANNE

17  CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

18  ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

19  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

20  willingly participated in the formation of the aforementioned official polices, and promulgated,

21  adopted, and ratified the aforementioned plans to dismantle the VPOA leadership and scapegoat its

22  members as responsible for the leadership inadequacies of City Defendants, and each of them,

23  including by promulgating, adopting, and ratifying a plan to purposefully insulate Defendant

24  WILLIAMS from his misconduct toward VPOA members by associating themselves and each

25  other with said misconduct, and adopting and ratifying said misconduct, including, but not limited

26  to, targeting, harassing, intimidating, bullying, defaming, retaliating against, wrongfully

27  terminating, and interfering with the free speech and associational rights of VPOA members,

28

1    including President Nichelini, including by interfering with the political activities of VPOA

2    members and the union as a whole.

3        216.   City Defendants, and each of them, including GREG NYHOFF, ANNE

4    CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

5    ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

6    MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

7    willingly participated in the formation of the aforementioned official polices, and promulgated,

8    adopted, and ratified the aforementioned plans with an aim to "reform" the VPD, despite

9    unequivocally knowing that such reformation efforts violated state and federal law and the rights

10   of VPOA members, including President Nichelini.

11       217.   City Defendants, and each of them, including GREG NYHOFF, ANNE

12   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

13   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

14   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

15   willingly participated in the formation of the aforementioned official polices, and promulgated,

16   adopted, and ratified the aforementioned plans with an aim to "reform" the VPD, including direct

17   and personal involvement about employment decisions related to VPOA members, in particular

18   President Nichelini, among others, and including direct and personal involvement in ratifying and

19   adopting the employment decisions made by Defendant WILLIAMS as the employment decisions

20   of all City Defendants, and each of them.

21       218.   City Defendants, and each of them, including GREG NYHOFF, ANNE

22   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

23   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

24   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

25   willingly participated in the formation of the aforementioned official polices, and promulgated,

26   adopted, and ratified the aforementioned plans with oppression, fraud, and/or malice by knowingly,

27   intentionally, purposefully, and willingly violating state and federal law and the rights of VPOA

28

members, including under the State Constitution and Federal Constitution, including those of President Nichelini.

219. As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical damages, special damages, reputational harm, embarrassment, and humiliation, among other things. As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs have been damaged in an amount according to proof but not less than $10,500,000.00.

220. Because of the unlawful acts of City Defendants, and each of them, as described herein, Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs because of this proceeding in amounts that cannot yet be determined precisely, which are recoverable. Plaintiffs are entitled to attorney fees, costs, and punitive damages pursuant to Cal. Gov. § Code 3309.5. Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in conjunction with this litigation.

## THIRTEENTH CAUSE OF ACTION

### (Interference with Political Affiliations – Cal. Labor Code § 1101)

### (Plaintiffs Against All Defendants)

221. Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 220 as though fully set forth herein.

222. City Defendants, and each of them, through the making, adopting, or enforcement of rules, regulations, or policies, seek to discharge, discriminate and retaliate against, and take other adverse employment action against Plaintiffs in an effort to forbid or prevent VPOA members, including President Nichelini, from engaging in politics.

223. City Defendants, and each of them, through the making, adopting, or enforcement of rules, regulations, or policies, seek to discharge, discriminate and retaliate against, and take other adverse employment action against Plaintiffs in an effort direct, control, or tend to direct or control, the political activities of the VPOA and the political affiliations of VPOA members, including President Nichelini.

224.   City Defendants, and each of them, coerced and influenced, or attempted to coerce and influence Plaintiffs, through or by means of threat of discharge or loss of employment, to adopt or follow, or refrain from adopting or following, the course or line of political action and political activities of the VPOA and VPOA members, including President Nichelini, by in fact terminating President Nichelini for engaging in protected, concerted activities, and in particular because President Nichelini is a respected and fierce advocate for VPOA members' rights in a hyper-political environment.

225.   City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and willingly participated in the formation of the aforementioned official polices, and promulgated, adopted, and ratified the aforementioned plans to dismantle the VPOA leadership and scapegoat its members as responsible for the leadership inadequacies of City Defendants, and each of them, including by promulgating, adopting, and ratifying a plan to purposefully insulate Defendant WILLIAMS from his misconduct toward VPOA members by associating themselves and each other with said misconduct, and adopting and ratifying said misconduct, including, but not limited to, targeting, harassing, intimidating, bullying, defaming, retaliating against, wrongfully terminating, and interfering with the free speech and associational rights of VPOA members, including President Nichelini, including by interfering with the political activities of VPOA members and the union as a whole.

226.   City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and willingly participated in the formation of the aforementioned official polices, and promulgated, adopted, and ratified the aforementioned plans with an aim to "reform" the VPD, despite

1   unequivocally knowing that such reformation efforts violated state and federal law and the rights

2   of VPOA members, including President Nichelini.

3        227.   City Defendants, and each of them, including GREG NYHOFF, ANNE

4   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

5   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

6   MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

7   willingly participated in the formation of the aforementioned official polices, and promulgated,

8   adopted, and ratified the aforementioned plans with an aim to "reform" the VPD, including direct

9   and personal involvement about employment decisions related to VPOA members, in particular

10  President Nichelini, among others, and including direct and personal involvement in ratifying and

11  adopting the employment decisions made by Defendant WILLIAMS as the employment decisions

12  of all City Defendants, and each of them.

13       228.   City Defendants, and each of them, including GREG NYHOFF, ANNE

14  CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

15  ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

16  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

17  willingly participated in the formation of the aforementioned official polices, and promulgated,

18  adopted, and ratified the aforementioned plans with oppression, fraud, and/or malice by knowingly,

19  intentionally, purposefully, and willingly violating state and federal law and the rights of VPOA

20  members, including under the State Constitution and Federal Constitution, including those of

21  President Nichelini.

22       229.   As a direct and proximate result of Defendants', and each of them, illegal conduct,

23  Plaintiffs have suffered physical and/or mental anguish, past lost wages, future lost wages, medical

24  damages, special damages, reputational harm, embarrassment, and humiliation, among other

25  things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiffs

26  have been damaged in an amount according to proof but not less than $10,500,000.00.

27       230.   Because of the unlawful acts of City Defendants, and each of them, as described

28  herein, Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs

1  because of this proceeding in amounts that cannot yet be determined precisely, which are

2  recoverable.  Plaintiffs are entitled to damages for each violation pursuant to Cal. Labor Code §

3  1103.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in conjunction

4  with this litigation.

**FOURTEENTH CAUSE OF ACTION**

**(Whistleblower Retaliation – Cal. Labor Code § 1102)**

**(President Nichelini Against All Defendants)**

8       231.    Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs

9  1 through 230 as though fully set forth herein.

10      232.    City Defendants, and each of them, knew that President Nichelini was engaged in

11  protected, concerted activity on behalf of himself, the VPOA, and VPOA members when President

12  Nichelini repeatedly engaged in whistleblowing activity, including, but not limited to, publicizing

13  City Defendants', and each of them, violations of state and federal law, including violations of the

14  California Penal Code, the California Evidence Code, the State Constitution and Federal

15  Constitution, the MMBA, the Police Officer's Bill of Rights, and the Ralph C. Dills Act, among

16  others.

17      233.    City Defendants, and each of them, purposefully and intentionally subjected

18  President Nichelini to adverse employment actions because City Defendants, and each of them,

19  knew that President Nichelini was engaged in protected, concerted activity on behalf of himself,

20  the VPOA, and VPOA members when President Nichelini repeatedly engaged in whistleblowing

21  activity, including, but not limited to, publicizing City Defendants', and each of them, violations

22  of state and federal law, including violations of the California Penal Code, the California Evidence

23  Code, the State Constitution and Federal Constitution, the MMBA, the Police Officer's Bill of

24  Rights, and the Ralph C. Dills Act, among others, with the purpose and design to prevent President

25  Nichelini from continuing to engage in whistleblowing activity.

26      234.    A causal link exists between City Defendants', and each of them, knowledge that

27  President Nichelini was engaged in protected, concerted activity on behalf of himself, the VPOA,

28  and VPOA members when President Nichelini repeatedly engaged in whistleblowing activity,

1   including, but not limited to, publicizing City Defendants', and each of them, violations of state

2   and federal law, including violations of the State Constitution and Federal Constitution, the Meyers-

3   Milias-Brown Act, the Police Officer's Bill of Rights, and the Ralph C. Dills Act, among others,

4   when City Defendants, and each of them, purposefully and intentionally subjected President

5   Nichelini to adverse employment actions with the purpose and design to prevent President Nichelini

6   from continuing to engage in whistleblowing activity.

7        235.   City Defendants, and each of them, including GREG NYHOFF, ANNE

8   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

9   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

10  MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, and

11  willingly participated in the formation of the aforementioned official polices, and promulgated,

12  adopted, and ratified the aforementioned plans to target, harass, intimidate, bully, defame, retaliate

13  against, wrongfully terminate, and interfere with the free speech and associational rights of

14  President Nichelini, including by interfering with his political activities, including whistleblowing

15  activities, showing City Defendants, and each of them, thus acted with fraud, oppression, and/or

16  malice.

17       236.   As a direct and proximate result of Defendants', and each of them, illegal conduct,

18  Plaintiff has suffered physical and/or mental anguish, past lost wages, future lost wages, medical

19  damages, special damages, reputational harm, embarrassment, and humiliation, among other

20  things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff

21  has been damaged in an amount according to proof but not less than $10,500,000.00.

22       237.   Because of the unlawful acts of City Defendants, and each of them, as described

23  herein, Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs

24  because of this proceeding in amounts that cannot yet be determined precisely, which are

25  recoverable.  Plaintiffs are entitled to damages for each violation pursuant to Cal. Labor Code §

26  1103.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in conjunction

27  with this litigation.

28

### FIFTEENTH CAUSE OF ACTION

### (Negligence)

### (President Nichelini Against All Defendants)

238.   Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 237 as though fully set forth herein.

239.   California Gov't Code §§ 815.2 and 815.3 provide liability for public entities for harm proximately caused by an act or omission of an employee of the public entity.

240.   City Defendants, and each of them, employed all VPOA members, including President Nichelini, during all relevant times and events herein stated.

241.   City Defendants, and each of them, owed a duty of due care to Plaintiffs because a special employment relationship exists between City Defendants, and each of them, and Plaintiffs.

242.   City Defendants, and each of them, breached their duty of care by harassing, intimidating, defaming, victimizing, and discriminating and retaliating against Plaintiffs, and by treating Plaintiffs disparately and unfairly, as described herein.

243.   City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each were personally and individually responsible for exercising due care in ensuring that the VPD and Defendant WILLIAMS respected and protected the rights of the VPOA and its members, including President Nichelini, but instead allowed Defendant WILLIAMS to dismantle the VPOA leadership and scapegoat its members as responsible for the leadership inadequacies of City Defendants, and each of them, including by promulgating, adopting, and ratifying a plan to negligently insulate Defendant WILLIAMS from his misconduct toward VPOA members by associating themselves and each other with said misconduct, and adopting and ratifying said misconduct, including, but not limited to, targeting, harassing, intimidating, bullying, defaming, retaliating against, wrongfully terminating, and interfering with the free speech and associational rights of VPOA members, including President

1    Nichelini, including by interfering with the political activities of VPOA members and the union as

2    a whole, creating a foreseeable risk of harm to Plaintiffs and to Plaintiffs' rights.

3          244.   City Defendants, and each of them, including GREG NYHOFF, ANNE

4    CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

5    ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

6    MEISSNER, and ROZZANA VERDER-ALIGA each were personally and individually

7    responsible for exercising due care in ensuring that the VPD and Defendant WILLIAMS respected

8    and protected the rights of the VPOA and its members, including President Nichelini, but instead

9    allowed Defendant WILLIAMS to "reform" the VPD, including the failure of City Defendants, and

10   each of them, to exercise due care regarding employment decisions related to VPOA members, in

11   particular President Nichelini, among others, and by negligently ratifying and adopting the

12   employment decisions made by Defendant WILLIAMS as the employment decisions of all City

13   Defendants, and each of them, creating a foreseeable risk of harm to Plaintiffs and to Plaintiffs'

14   rights.

15         245.   City Defendants', and each of them, acts and omissions, as described herein,

16   including the abdication of their proper oversight role of the VPD and Defendant WILLIAMS,

17   breached the duties City Defendants, and each of them, owed to Plaintiffs.

18         246.   City Defendants, and each of them, including GREG NYHOFF, ANNE

19   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

20   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

21   MEISSNER, and ROZZANA VERDER-ALIGA each were personally and individually

22   responsible for exercising due care in ensuring that the VPD and Defendant WILLIAMS respected

23   and protected the rights of the VPOA and its members, including President Nichelini, but instead

24   allowed Defendant WILLIAMS to negligently violate the state and federal law and the rights of

25   VPOA members, including under the State Constitution and Federal Constitution, including those

26   of President Nichelini, including by and through Defendants', and each of them, acts and omissions,

27   as described herein, creating a foreseeable risk of harm to Plaintiffs and to Plaintiffs' rights.

28

247.    Plaintiff has experienced emotional, psychological, financial, reputational, and professional harm as a result of City Defendants', and each of them, breaches of the duties they owed to Plaintiff.

248.    City Defendants', and each of them, negligence, as described herein, was a substantial factor in causing Plaintiff's harm, and City Defendants', and each of them, negligence was the legal and proximate cause of Plaintiff's harm.

249.    As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff has suffered physical and/or mental anguish, past lost wages, future lost wages, medical damages, special damages, reputational harm, embarrassment, and humiliation, among other things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff has been damaged in an amount according to proof but not less than $10,500,000.00

250.    Because of the negligent acts of City Defendants, and each of them, as described herein, Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs because of this proceeding in amounts that cannot yet be determined precisely, which are recoverable.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in conjunction with this litigation.

**SIXTEENTH CAUSE OF ACTION**

**(Negligent Infliction of Emotional Distress)**

**(President Nichelini Against All Defendants)**

251.    Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 250 as though fully set forth herein.

252.    California Gov't Code §§ 815.2 and 815.3 provide liability for public entities for harm proximately caused by an act or omission of an employee of the public entity.

253.    City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each were personally and individually responsible for exercising due care in ensuring that the VPD and Defendant WILLIAMS respected

1    and protected the rights of the VPOA and its members, including President Nichelini, but instead

2    allowed Defendant WILLIAMS to dismantle the VPOA leadership and scapegoat its members as

3    responsible for the leadership inadequacies of City Defendants, and each of them, including by

4    promulgating, adopting, and ratifying a plan to negligently insulate Defendant WILLIAMS from

5    his misconduct toward VPOA members by associating themselves and each other with said

6    misconduct, and adopting and ratifying said misconduct, including, but not limited to, targeting,

7    harassing, intimidating, bullying, defaming, retaliating against, wrongfully terminating, and

8    interfering with the free speech and associational rights of VPOA members, including President

9    Nichelini, including by interfering with the political activities of VPOA members and the union as

10   a whole, creating a foreseeable risk of harm to Plaintiffs and to Plaintiffs' rights.

11        254.   City Defendants, and each of them, including GREG NYHOFF, ANNE

12   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

13   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

14   MEISSNER, and ROZZANA VERDER-ALIGA each were personally and individually

15   responsible for exercising due care in ensuring that the VPD and Defendant WILLIAMS respected

16   and protected the rights of the VPOA and its members, including President Nichelini, but instead

17   allowed Defendant WILLIAMS to "reform" the VPD, including the failure of City Defendants, and

18   each of them, to exercise due care regarding employment decisions related to VPOA members, in

19   particular President Nichelini, among others, and by negligently ratifying and adopting the

20   employment decisions made by Defendant WILLIAMS as the employment decisions of all City

21   Defendants, and each of them, creating a foreseeable risk of harm to Plaintiffs and to Plaintiffs'

22   rights.

23        255.   City Defendants', and each of them, acts and omissions, as described herein,

24   including the abdication of their proper oversight role of the VPD and Defendant WILLIAMS,

25   breached the duties City Defendants, and each of them, owed to Plaintiffs.

26        256.   City Defendants, and each of them, including GREG NYHOFF, ANNE

27   CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA

28   ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY

1   MEISSNER, and ROZZANA VERDER-ALIGA each were personally and individually

2   responsible for exercising due care in ensuring that the VPD and Defendant WILLIAMS respected

3   and protected the rights of the VPOA and its members, including President Nichelini, but instead

4   allowed Defendant WILLIAMS to negligently violate the state and federal law and the rights of

5   VPOA members, including under the State Constitution and Federal Constitution, including those

6   of President Nichelini, including by and through Defendants', and each of them, acts and omissions,

7   as described herein, creating a foreseeable risk of harm to Plaintiffs and to Plaintiffs' rights.

8   257.   As a direct and proximate result of City Defendants', and each of them, negligent

9   conduct, as described herein, President Nichelini has suffered, and will continue to suffer, serious

10   emotional distress, including suffering, anguish, horror, nervousness, grief, anxiety, worry, shock,

11   humiliation, and shame.

12   258.   Moreover, a reasonable person, normally constituted, would be unable to cope with

13   the mental stress engendered by the circumstances arising out of City Defendants', and each of

14   them, negligent conduct, as described herein.

15   259.   Further, City Defendants', and each of them, negligent conduct was a substantial

16   factor in causing President Nichelini's serious emotional distress, as described herein.

17   260.   As a direct and proximate result of Defendants', and each of them, illegal conduct,

18   Plaintiff has suffered physical and/or mental anguish, past lost wages, future lost wages, medical

19   damages, special damages, reputational harm, embarrassment, and humiliation, among other

20   things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff

21   has been damaged in an amount according to proof but not less than $10,500,000.00.

22   261.   Because of the negligent acts of City Defendants, and each of them, as described

23   herein, Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs

24   because of this proceeding in amounts that cannot yet be determined precisely, which are

25   recoverable.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in

26   conjunction with this litigation.

27

28

**SEVENTEENTH CAUSE OF ACTION**

**(Negligent Supervision)**

**(President Nichelini Against All Defendants *Except* Defendant WILLIAMS)**

262.    Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 261 as though fully set forth herein.

263.    California Gov't Code §§ 815.2 and 815.3 provide liability for public entities for harm proximately caused by an act or omission of an employee of the public entity.

264.    City Defendants, and each of them, employed all VPOA members, including President Nichelini, during all relevant times and events herein stated.

265.    City Defendants, and each of them, owed a duty of due care to Plaintiffs because a special employment relationship exists between City Defendants, and each of them, and Plaintiffs.

266.    City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each were personally and individually responsible for exercising due care in ensuring that the VPD and Defendant WILLIAMS respected and protected the rights of the VPOA and its members, including President Nichelini, but failed to exercise due care in preventing Defendant WILLIAMS from engaging in efforts to dismantle the VPOA leadership and scapegoat its members as responsible for the leadership inadequacies of City Defendants, and each of them, including by promulgating, adopting, and ratifying a plan to negligently insulate Defendant WILLIAMS from his misconduct toward VPOA members by associating themselves and each other with said misconduct, and adopting and ratifying said misconduct, including, but not limited to, targeting, harassing, intimidating, bullying, defaming, retaliating against, wrongfully terminating, and interfering with the free speech and associational rights of VPOA members, including President Nichelini, including by interfering with the political activities of VPOA members and the union as a whole, creating a foreseeable risk of harm to Plaintiffs and to Plaintiffs' rights.

267.   City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each were personally and individually responsible for exercising due care in ensuring that the VPD and Defendant WILLIAMS respected and protected the rights of the VPOA and its members, including President Nichelini, but failed to exercise due care in preventing Defendant WILLIAMS from engaging in efforts to "reform" the VPD, including the failure of City Defendants, and each of them, to exercise due care regarding employment decisions related to VPOA members, in particular President Nichelini, among others, and by negligently ratifying and adopting the employment decisions made by Defendant WILLIAMS as the employment decisions of all City Defendants, and each of them, creating a foreseeable risk of harm to Plaintiffs and to Plaintiffs' rights.

268.   City Defendants', and each of them, acts and omissions, as described herein, including the abdication of their proper oversight role of the VPD and Defendant WILLIAMS, breached the duties City Defendants, and each of them, owed to Plaintiffs.

269.   City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each were personally and individually responsible for exercising due care in ensuring that the VPD and Defendant WILLIAMS respected and protected the rights of the VPOA and its members, including President Nichelini, but failed to exercise due care in preventing Defendant WILLIAMS from engaging in efforts to negligently violate the state and federal law and the rights of VPOA members, including under the State Constitution and Federal Constitution, including those of President Nichelini, including by and through Defendants', and each of them, acts and omissions, as described herein, creating a foreseeable risk of harm to Plaintiffs and to Plaintiffs' rights.

Second Amended Complaint for Damages and
Demand for Jury Trial                                     60          *Vallejo POA, et al. vs. City of Vallejo, et al.*
Case No. 2:21-cv-00454-KJM-CKD

270.     City Defendants, and each of them, did, and do, employ Defendant WILLIAMS, and at all relevant times referenced herein, Defendant WILLIAMS was an employee of City Defendants, and each of them.

271.     Plaintiff was harmed by Defendant WILLIAMS, and City Defendants, and each of them, are responsible for Plaintiff's harm because City Defendants negligently supervised Defendant WILLIAMS.

272.     Defendant WILLIAMS is unfit to perform the duties of Police Chief for the City of Vallejo because Defendant WILLIAMS repeatedly violated the rights of Plaintiffs, putting them and other VPOA members at risk of having their constitutional and statutory rights further violated.

273.     City Defendants, and each of them, should have known and in fact did know that Defendant WILLIAMS was unfit to perform the duties of Police Chief because City Defendants, and each of them, were noticed that Defendant WILLIAMS repeatedly violated the rights of Plaintiff and other VPOA members, and that Defendant WILLIAMS' unfitness put Plaintiff and VPOA members at risk of having their constitutional and statutory rights further violated, and City Defendants.

274.     Plaintiff has experienced emotional, psychological, financial, reputational, and professional harm as a result of City Defendants', and each of them, breaches of the duties they owed to Plaintiffs.

275.     City Defendants', and each of them, negligence was a substantial factor in causing Plaintiff's harm, and City Defendants', and each of them, negligence was the legal and proximate cause of Plaintiff's harm.

276.     As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff has suffered physical and/or mental anguish, past lost wages, future lost wages, medical damages, special damages, reputational harm, embarrassment, and humiliation, among other things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff has been damaged in an amount according to proof but not less than $10,500,000.00.

277.     Because of the negligent acts of City Defendants, and each of them, as described herein, Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs

1    because of this proceeding in amounts that cannot yet be determined precisely, which are

2    recoverable.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in

3    conjunction with this litigation.

4                            **EIGHTEENTH CAUSE OF ACTION**

5                        **(Intentional Infliction of Emotional Distress)**

6                        **(President Nichelini Against Defendant WILLIAMS)**

7            278.    Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs

8    1 through 277 as though fully set forth herein.

9            279.    California Gov't Code §§ 815.2 and 815.3 provide liability for public entities for

10   harm proximately caused by an act or omission of an employee of the public entity.

11           280.    At all relevant times stated herein, Defendant WILLIAMS was the direct

12   supervisors of Plaintiff and every member of the VPOA and was thus in a position of authority over

13   Plaintiff.

14           281.    Defendant WILLIAMS targeted Plaintiff and other VPOA members for harassment,

15   intimidation, defamation, victimization, discrimination, and retaliation.  In doing so, Defendant

16   WILLIAMS' conduct was extreme and outrageous.

17           282.    In targeting Plaintiff for harassment, intimidation, defamation, victimization,

18   discrimination, and retaliation, Defendant WILLIAMS intended to harass, intimidate, defame,

19   victimize, and discriminate and retaliate, and was substantially certain that such harassment,

20   intimidation, defamation, victimization, discrimination, and retaliation against Plaintiff would

21   result from his conduct.

22           283.    In targeting Plaintiff for harassment, intimidation, defamation, victimization,

23   discrimination, and retaliation, Defendant WILLIAMS intended to cause President Nichelini severe

24   emotional distress, and Defendant WILLIAMS acted with reckless disregard of the probability

25   President Nichelini would suffer severe emotional distress, knowing that President Nichelini would

26   bear the brunt of Defendant WILLIAMS' extreme and outrageous conduct towards Plaintiff, and

27   thus acted with oppression, fraud, and/or malice.

28

284.    As a direct and proximate result of Defendant WILLIAMS' extreme and outrageous conduct, President Nichelini did, and does, suffer severe emotional distress.

285.    Despite being on notice that President Nichelini was in fact suffering severe emotional distress as a direct and proximate result of the actions of Defendant WILLIAMS, Defendant WILLIAMS nonetheless continued to engage in extreme and outrageous conduct towards Plaintiffs, and towards President Nichelini, including the intentional infliction shame, humiliation, embarrassment, fear, apprehension, and physiological harm on VPOA members, including President Nichelini.

286.    As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff has suffered physical and/or mental anguish, past lost wages, future lost wages, medical damages, special damages, reputational harm, embarrassment, and humiliation, among other things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff has been damaged in an amount according to proof but not less than $10,500,000.00.

287.    Because of the intentional acts of Defendant WILLIAMS, as described herein, President Nichelini has incurred, and will continue to incur, actual damages, attorney fees and costs because of this proceeding in amounts that cannot yet be determined precisely, which are recoverable.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in conjunction with this litigation.

## NINETEENTH CAUSE OF ACTION

### (Wrongful Discharge for Lawful Off-Duty Conduct – Cal. Labor Code § 96(k))

### (President Nichelini Against all Defendants)

288.    Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs 1 through 287 as though fully set forth herein.

289.    Under Cal. Labor Code §§ 96(k) and 98.6, an employer may not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the applicant engaged in lawful conduct during nonworking hours away from the employer's premises.

290.    Under Cal. Labor Code §§ 98.7 and 244, no requirement to exhaust administrative remedies applies to causes of action brought under Cal. Labor Code § 96(k).

291.    Defendants, and each of them, improperly and pretextually terminated President Nichelini on March 31, 2021, only after President Nichelini filed a federal civil rights complaint against Defendants, and each of them, for violating President Nichelini's and the VPOA's rights.

292.    In improperly and pretextually terminating President Nichelini, Defendants, and each of them, specifically cited President Nichelini's protected, concerted, lawful, off-duty communication with a member formerly of the local media on December 7, 2020.

293.    By improperly and pretextually terminating President Nichelini, specifically citing President Nichelini's protected, concerted, lawful, off-duty communication with a member formerly of the local media on December 7, 2020 as a reason for terminating President Nichelini, Defendants, and each of them, violated Cal. Labor Code § 96(k).

294.    City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, intentionally, purposefully, and willingly approved, endorsed, adopted, and ratified the employment practices and decisions of Defendant WILLIAMS, including the knowingly false dissemination of the windshield charges, City Defendants', and each of them, knowing and intentional leaking of those charges to the press, the intentional failure to have President Nichelini be heard by a neutral decision maker, including by improperly and pretextually terminating President Nichelini, specifically citing President Nichelini's protected, concerted, lawful, off-duty communication with a member formerly of the local media on December 7, 2020, including City Defendants', and each of them, personal animus toward President Nichelini in seeking his termination for the express purpose of removing him as President of the VPOA, including City Defendants', and each of them, in fact pretextually terminating President Nichelini in a retaliatory and discriminatory fashion, only after he filed a federal civil rights complaint, for the express purpose of removing him as President of the VPOA, and City Defendants', and each of them,

Second Amended Complaint for Damages and
Demand for Jury Trial                                   64                    *Vallejo POA, et al. vs. City of Vallejo, et al.*
                                                                              Case No. 2:21-cv-00454-KJM-CKD

1   purposeful public disparagement of President Nicheini and his fitness for his profession for the

2   express purpose of removing him as President of the VPOA,  thus acting with oppression, fraud,

3   and/or malice.

4         295.   As a direct and proximate result of Defendants', and each of them, illegal conduct,

5   Plaintiff has suffered physical and/or mental anguish, past lost wages, future lost wages, medical

6   damages, special damages, reputational harm, embarrassment, and humiliation, among other

7   things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff

8   has been damaged in an amount according to proof but not less than $10,500,000.00.

9         296.   Because of the unlawful acts of City Defendants, and each of them, as described

10  herein, Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs

11  because of this proceeding in amounts that cannot yet be determined precisely, which are

12  recoverable.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur in

13  conjunction with this litigation.

14  **<u>TWENTIETH CAUSE OF ACTION</u>**

15  **(Wrongful Termination)**

16  **(President Nichelini Against all Defendants)**

17        297.   Plaintiffs incorporate by reference each and every allegation set forth in Paragraphs

18  1 through 296 as though fully set forth herein.

19        298.   Defendants, and each of them, improperly and pretextually terminated President

20  Nichelini on March 31, 2021, only after President Nichelini filed a federal civil rights complaint

21  against Defendants, and each of them, for violating President Nichelini's and the VPOA's rights.

22        299.   Defendants, and each of them, improperly and pretextually terminated President

23  Nichelini for activities protected by the Federal and State Constitutions, including for speech and

24  associational activities, as well as protected concerted activities, protected by the First Amendment

25  to the Constitution of the United States and Article I of the California Constitution.

26        300.   By improperly and pretextually terminating President Nichelini, Defendants, and

27  each of them, breached President Nichelini's employment contract and civil service protections as

28  well as the covenant of good faith and fair dealing contained therein.

301.     By improperly and pretextually terminating President Nichelini, Defendants, and each of them, improperly retaliated against President Nichelini and the VPOA for engaging in whistleblowing and for pointing out violations by Defendants, and each of them, of California employment law.

302.     By improperly and pretextually terminating President Nichelini, Defendants, and each of them, discriminated against President Nichelini on the basis of his political activities and/or political affiliations, and further violated the VPOA's right to be free from interference with its political activities and/or political affiliations in an effort by Defendants, and each of them, to direct, control, or tend to direct or control, the political activities of the VPOA and the political affiliations of VPOA members.

303.     By improperly and pretextually terminating President Nichelini, Defendants, and each of them, violated California public policy by punishing President Nichelini for his lawful conduct during non-working hours and away from the employer's premises.

304.     City Defendants, and each of them, including GREG NYHOFF, ANNE CARDWELL, BOB SAMPAYAN, HERMIE SUNGA, SHAWNY WILLIAMS, CRISTINA ARRIOLA, HAKEEM BROWN, PIPPIN DEW, MINA DIAZ, ROBERT McCONNELL, KATY MEISSNER, and ROZZANA VERDER-ALIGA each personally, individually, knowingly, intentionally, purposefully, and willingly approved, endorsed, adopted, and ratified the employment practices and decisions of Defendant WILLIAMS, including the knowingly false dissemination of the windshield charges, City Defendants', and each of them, knowing and intentional leaking of those charges to the press, the intentional failure to have President Nichelini be heard by a neutral decision maker, including by improperly and pretextually terminating President Nichelini, specifically citing President Nichelini's protected, concerted, lawful, off-duty communication with a member formerly of the local media on December 7, 2020, including City Defendants', and each of them, personal animus toward President Nichelini in seeking his termination for the express purpose of removing him as President of the VPOA, including City Defendants', and each of them, in fact pretextually terminating President Nichelini in a retaliatory and discriminatory fashion, only after he filed a federal civil rights complaint, for the express

Second Amended Complaint for Damages and
Demand for Jury Trial                                      66            *Vallejo POA, et al. vs. City of Vallejo, et al.*
Case No. 2:21-cv-00454-KJM-CKD

1   purpose of removing him as President of the VPOA, and City Defendants', and each of them,

2   purposeful public disparagement of President Nicheini and his fitness for his profession for the

3   express purpose of removing him as President of the VPOA,  thus acting with oppression, fraud,

4   and/or malice.

5          305.    As a direct and proximate result of Defendants', and each of them, illegal conduct,

6   Plaintiff has suffered physical and/or mental anguish, past lost wages, future lost wages, medical

7   damages, special damages, reputational harm, embarrassment, and humiliation, among other

8   things.  As a direct and proximate result of Defendants', and each of them, illegal conduct, Plaintiff

9   has been damaged in an amount according to proof but not less than $10,500,000.00.

10          306.    Because of the unlawful acts of City Defendants, and each of them, as described

11   herein, Plaintiffs have incurred, and will continue to incur, actual damages, attorney fees and costs

12   because of this proceeding in amounts that cannot yet be determined precisely, which are

13   recoverable.  Plaintiffs are entitled to attorney fees, costs, and punitive damages pursuant to Cal.

14   Gov. Code § 3309.5.  Accordingly, Defendants are responsible for the fees and costs Plaintiffs incur

15   in conjunction with this litigation.

16                                          **PRAYER**

17   WHEREFORE, Plaintiffs pray judgment as follows:

18          1.      For a determination that Defendants, and each of them, have denied the VPOA and

19   its members the rights guaranteed by the First and Fourteenth Amendments to the U.S. Constitution;

20          2.      For temporary, preliminary, and permanent injunctions enjoining the City

21   Defendants, and each of them, their agents, employees, and all persons acting on their behalf from

22   further violating VPOA members' constitutional rights;

23          3.      For a determination that Defendants', and each of them, herein described conduct

24   violated the First and Fourteenth Amendments;

25          4.      For a determination that Defendants, and each of them, violated President

26   Nichelini's right to privacy;

27          5.      For a determination that Defendants, and each of them, defamed President Nichelini;

28

6.      For a determination that Defendants, and each of them, violated Cal. Gov. Code §§ 3300 *et seq*., based on their conduct described herein;

7.      For a determination that Defendants, and each of them, violated Cal. Gov. Code §§ 3500 *et seq*., based on their conduct described herein;

8.      For a determination that Defendants, and each of them, violated Cal. Labor Code §§ 1100 *et seq*., based on their conduct described herein;

9.      For a determination that Defendants, and each of them, engaged in unfair labor practices and interfered with the VPOA's union activities, including by harassing, intimidating, defaming, victimizing, and discriminating and retaliating against Plaintiffs;

10.     For a determination that Defendants, and each of them, engaged in unfair labor practices against Plaintiffs in violation of California state law;

11.     For a determination that Defendants, and each of them, were negligent in their treatment of Plaintiffs and that Defendants, and each of them, negligently supervised Defendant WILLIAMS;

12.     For a determination that Defendant WILLIAMS's conduct was extreme and outrageous and the cause of President Nichelini's severe emotional distress;

13.     For a determination that Defendants, and each of them, wrongfully terminated President Nichelini for his engagement in lawful, off-duty conduct in violation of Cal. Labor Code § 96(k);

14.     For a determination that Defendants, and each of them, wrongfully terminated President Nichelini;

15.     For an order that President Nichelini be immediately reinstated to his position as VPD Lieutenant and provided back pay and restoration of seniority and all other rights incidental to employment;

16.     For an order that Defendants place and retain an acknowledgement in President Nichelini's personnel file that the allegations against him are unsubstantiated, and additionally notify City employees electronically, and post in a conspicuous place in the VPD workplace, an acknowledgement that the allegations against President Nichelini are unsubstantiated;

17.     For temporary, preliminary, and permanent injunctions enjoining the Defendants, and each of them, their agents, employees, and all persons acting on their behalf from further violating VPOA members' statutory and other rights;

18.     For damages in an amount according to proof but not less than $10,500,000.00;

19.     For special damages according to proof;

20.     For punitive damages according to proof of oppression, fraud, and/or malice, and for each and every violation of the Police Officer's Bill of Rights;

21.     For interest on damages as awarded as allowed by law;

22.     For an award of Plaintiffs' reasonable attorney's fees and costs pursuant to Cal. Code. Civ. Proc. § 1021.5 and 42 U.S.C. § 1988; and

23.     For costs incurred herein;

24.     For such other relief as the court deems just and proper;

25.     For a statement of decision.

**MASTAGNI HOLSTEDT, A.P.C**.

DATED: June 16, 2021               By: */s/ Grant A. Winter*
                                         Grant A. Winter
                                         Attorney for Plaintiffs