Suzanne Solomon, Bar No. 169005
ssolomon@lcwlegal.com
LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
135 Main Street, 7th Floor
San Francisco, California 94105
Telephone:   415.512.3000
Facsimile:    415.856.0306

Veronica A.F. Nebb
veronica.nebb@cityofvallejo.net
City Attorney, SBN 140001
Katelyn M. Knight
katelyn.knight@cityofvallejo.net
Assistant City Attorney, SBN 264573
City of Vallejo, City Hall
555 Santa Clara, 3rd Floor
Vallejo, CA 94590
Telephone: 707.648.4545
Facsimile: 707.648.4687

Attorneys for All Defendants

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - DIVISION

| | |
|---|---|
| THE VALLEJO POLICE OFFICERS' ASSOCIATION, a labor union; MICHAEL NICHELINI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; THE VALLEJO POLICE DEPARTMENT, a municipal corporation; SHAWNY WILLIAMS, individually and in his official capacity as Chief of Police for the City of Vallejo; GREG NYHOFF, in his official capacity as City Manager for the City of Vallejo; ANNE CARDWELL, in her official capacity as Assistant City Manager for the City of Vallejo; BOB SAMPAYAN, in his official capacity as Mayor for the City of Vallejo; HERMIE SUNGA, in his official capacity as Vice Mayor for the City of Vallejo; CRISTINA ARRIOLA, in her official capacity as City Councilmember for the City of Vallejo; HAKEEM BROWN, in his | Case No.:  2:21-cv-00454-DAD-CKD<br><br>Complaint Filed: March 12, 2021<br>FAC Filed: April 2, 2021<br>SAC Filed: June 16, 2021<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>Date:          February 20, 2024<br>Time:         1:30 PM<br>Courtroom: 4 |

official capacity as City Councilmember for the City of Vallejo; PIPPIN DEW, in her official capacity as City Councilmember for the City of Vallejo; MINA DIAZ, in her official capacity as City Councilmember for the City of Vallejo ROBERT McCONNELL, in his official capacity as City Councilmember and Mayor for the City of Vallejo; KATY MIESSNER, in her official capacity as City Councilmember for the City of Vallejo; ROZZANA VERDER-ALIGA, in her official capacity as City Councilmember and Vice Mayor for the City of Vallejo; and DOES 1 through 100, inclusive,

Defendant.

On February 20, 2024 at 1:30 in Courtroom 4 of the above-referenced Court, a Motion by all Defendants to Dismiss Plaintiff's Third Amended Complaint came on regularly for hearing. Plaintiffs were represented by their counsel, Grant A. Winter. Defendants were represented by their counsel, Suzanne Solomon.

Having heard all of the arguments and thoroughly considering all the papers filed in connection with the Motion to Dismiss the Third Amended Complaint, the Court rules as follows:

1. The first, second, third, fourth, and fifth causes of action fail because Plaintiffs cannot establish a valid Section 1983 claim against the City because they fail to allege any facts to establish any unconstitutional policy or practice of custom. Plaintiffs further fail to allege any specific facts to establish that any individual defendant deprived Plaintiffs of constitutional rights. Accordingly, the first, second, third, fourth and fifth causes of action are dismissed without leave to amend.

2. Plaintiffs' first and second causes of action for violations of First Amendment rights fail as there are no facts alleged that establish Plaintiffs engaged in speech on a matter of public concern. Union activity is not a blanket protection on all speech. This is an additional reason that the first and second cause of action are dismissed without leave to amend.

3. Plaintiffs' third and fourth causes of action for violations of due process fail as they have not alleged any facts to establish that any defendant deprived Plaintiffs of any due

process.  Accordingly, this is an additional reason supporting the dismissal of the third and fourth causes of action without leave to amend.

4. Plaintiff's fifth cause of action alleging denial of equal protection of the law is duplicative of their First and Second causes of action because it is based on an alleged violation of their First Amendment rights.  The fifth cause of action is therefore dismissed without leave to amend.

5. Nichelini's seventh cause of action fails because Defendants are immune from defamation claims under Government Code sections 818.8 and 821.6, and he also fails to meet the pleading standard for a defamation claim as he failed to allege any specific defamatory statements made against him.  The seventh cause of action is therefore dismissed without leave to amend.

6. Plaintiffs' eighth, ninth and tenth causes of action asserted under the Meyers-Milias-Brown Act are barred by California's Public Employment Relations Board's exclusive jurisdiction.  Each of these causes of action is therefore dismissed without leave to amend.

7. Plaintiffs' tenth cause of action for violations of the Public Safety Officers Bill of Rights fails as individuals may not be sued for such violations. The tenth cause of action is therefore dismissed without leave to amend.

8. Plaintiffs' tenth cause of action for violations of the Public Safety Officers Bill of Rights, as asserted by VPOA, fails because an employee association may not bring claims under this Government Code section.  The tenth cause of action is therefore dismissed without leave to amend.

9. Plaintiffs' eleventh cause of action fails because neither Plaintiff established any action directed towards political activity.  The eleventh cause of action is therefore dismissed without leave to amend.

10. Nichelini's twelfth cause of action must be dismissed against the individual defendants as California's whistleblower protection law under Labor Code section 1102.5 does not provide for individual liability.  The twelfth cause of action is therefore dismissed without leave to amend.

11.     Nichelini's thirteenth, fourteenth, fifteenth, sixteenth, and eighteenth causes of action are barred by Defendants' immunities from tort liability under Government Code section 815 and 821.6.  These causes of action are therefore dismissed without leave to amend.

12.     Nichelini's sixteenth cause of action fails because it is barred by Workers' Compensation exclusivity.   It also fails because he has not pleaded any facts to establish extreme or outrageous conduct.  The sixteenth cause of action is therefore dismissed without leave to amend.

13.     Nichelini's eighteenth cause of action for wrongful termination fails because the City is immune from such actions and the individual defendants, who were not Nichelini's employer, cannot be sued for wrongful termination.   The eighteenth cause of action is therefore dismissed without leave to amend.

15.     VPOA does not have associational standing to bring any claims against any Defendants as all of their claims are based on and require participation of an individual member, Nichelini.

IT IS SO ORDERED.


Dated: _____                                  _____
                                                        HON. DALE A. DROZD
                                                        UNITED STATES DISTRICT JUDGE

**PROOF OF SERVICE**

I am a citizen of the United States and resident of the State of California. I am employed in San Francisco, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years and not a party to the within action.

On **January 16, 2024,** I served the foregoing document(s) described as **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** in the manner checked below on all interested parties in this action addressed as follows:

David E. Mastagni
Grant A. Winter
1912 I Street
Sacramento, California 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614
Email: davidm@mastagni.com
       gwinter@mastagni.com

☑ **(BY ELECTRONIC SERVICE PROVIDER)** I am readily familiar with the firm's practice for filing electronically. Through use of CM/ECF, an electronic service provider, I arranged a true and correct copy of the above-reference documents to be electronically served to the e-mail address(es) registered with the court this day in the ordinary course of business following ordinary business practices.

Executed on **January 16, 2024**, at San Francisco, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Ashley R. Shreffler

12300435.1 VA040-034